# Johnson & Co. *v.* Mary Smith, Executrix, Appellant.

[Marked to be reported.]

*Landlord and tenant—Parol lease—Evidence.*

In an action against the estate of the surviving partner of a firm to recover rent under a lease in which the partnership is named as lessee, evidence is admissible that the premises were occupied by the firm under a parol agreement prior in date to the lease, and that the firm never accepted or entered into the written lease upon which suit was brought.

Argued Oct. 4, 1894. Appeal, No. 206, Oct. T., 1894, by defendant, from judgment of C. P. Venango Co., Aug. T., 1891, No. 62, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit for rent under written lease. Before TAYLOR, P. J.

At the trial there was evidence that, in 1864, D. T. Lane entered into a verbal agreement with J. A. Dewar to pay $100 per year for twenty years for the use of water power to supply and operate a factory known as the Petroleum Machine Works. In March, 1865, Lane sold out to Dewar, who, later, sold one half of the lot on which the machine works were located, to D. S. Smith, defendant's testator. In October, 1866, D. G. Dewoody bought an interest in the lot, and the Petroleum Machine Works were thereafter conducted by Dewoody, Smith and Dewar under the firm name of Dewoody, Smith & Co., and one hundred dollars was paid each year from June to June, by the firm, to Dewar for the water power they were using. In 1868 Dewar and Dewoody sold their interests in the land and in the partnership, and the machine-shop was then operated in the name of D. S. Smith & Co., one A. Brashear forming the " Co." The business continued to be conducted in that name until 1886, when the factory burned down, and the $100 per year, from June to June, continued to be paid until that date. Brasher was not then in the firm.

Plaintiffs claimed to recover under a lease in writing for the use of the water power from Oct. 15, 1865, to Oct. 15, 1890. This paper was signed Jan. 25, 1866, only by the lessors, J.

A. Dewar and Z. O. Smith, the latter having an interest in the works, acknowledged by J. A. Dewar, June 11, 1868, and recorded June 11, 1868, and undertook to bind the firm for twenty-five years from Oct. 15, 1865, at $100 a year. Z. O. Smith conveyed his interest in the machine works to Dewar by deed dated April 12, 1866. Z. O. Smith is named as one of the grantors in the lease, but it seems that he had no interest in the water power. On June 1, 1869, Dewar sold the water power subject to the lease. This deed was recorded Oct. 27, 1870, and the title was subsequently acquired by plaintiff.

Defendant offered to prove by D. G. Dewoody that the water power was operated by Dewoody, Smith & Co. up until the fall of 1868, when that firm ceased to do business, under the arrangement which Mr. Dewar had formerly made with D. T. Lane, as testified to by him ; that the alleged lease on which this suit is brought was never accepted or entered into by the firm of Dewoody, Smith & Co., or rent paid by them thereunder. By the Court: When did you leave them ? A. I sold out in 1868. Q. You left the firm in 1868 ? A. Yes, sir, I left the firm in 1868. Plaintiff objected to the offer. By the Court: I don't think it lays in your mouth for you to come in and say that lease was not valid, after paying him the rent upon it. Mr. McCalmont, for defendant: We never paid the rent upon it from the beginning. Offer overruled and exception. [6]

Defendant's points were among others as follows :

1. Request for binding instructions. Refused. [4]

" 5. There is no sufficient evidence of the acceptance of, or entry under, the paper in suit, by the partnership of Dewoody, Smith & Co., or D. S. Smith & Co. or D. S. Smith, and the plaintiffs cannot recover." Refused. [5]

Verdict and judgment for plaintiffs for $574.51.

*Errors assigned* were among others (4, 5) instructions ; (6) ruling ; quoting bill of exception and instructions.

*John O. McCalmont, B. H. Osborne* with him, for appellant. —The lease is under seal and therefore, although executed by Dewar, could not bind his partners in the absence of some evidence of ratification by them: Snyder v. May, 19 Pa. 235 ; Schmertz v. Shreeve, 62 Pa. 457.

Possession is constructive notice to the world of whatever rights the possessor has: Rowe v. Ream, 105 Pa. 543.

The deed of June 1, 1869, was in no way connected with the title to the lot whereon the Petroleum Machine Works stood, and therefore nothing contained in it could affect the owners of said lot: Maul v. Rider, 59 Pa. 167.

Upon the whole case there is nothing to show that Dewoody, Smith & Co., or D. S. Smith & Co., or D. S. Smith, ever knew or ought to have known of the existence of the alleged liability.    The position of the plaintiffs is well indicated in Keyser's Ap., 23 W. N. 201, affirmed in 124 Pa. 80.

The burden of proof being on plaintiffs, defendant was under no obligation to produce evidence against the alleged contract until there was something in support of it: Heffner's Est., 134 Pa. 436.

*Thomas McGough,* for appellees.—When a party who has not put his name to a written contract accepts it when signed and sealed by another, it binds him the same as if he had executed it: Jennings v. McComb, 112 Pa. 522.

Permission to use water for a mill or anything else that was viewed by the parties as a permanent erection, will be of unlimited duration, and survive the erection itself if it should be destroyed or fall in dilapidation: Campbell v. McCoy, 31 Pa. 264.

Where the owner of land subjects part of it to an open, visible, permanent and continuous service or easement in favor of another part and then aliens either, the purchaser takes subject to the burden or benefit, as the case may be: Grace Church v. Dobbins, 153 Pa. 297 ; Kieffer v. Imhoff, 26 Pa. 438.

In Overdeer's Adm. v. Updegraff, 69 Pa. 110, it was held that the purchaser was estopped from claiming to hold the property free of the easement although the administrator's deed was not recorded.    See also Seibert v. Levan, 8 Pa. 383.

Opinion by Mr. Justice Green, Jan. 7, 1895 :

The lease under which the plaintiffs claim to recover the rent in controversy bears date January 25, 1866, and was made by J. A. Dewar and Z. O. Smith to a firm called Dewoody, Smith & Co.    David S. Smith was a member of that firm, and

the executors of his will are the defendants in the present suit. David S. Smith, or the different firms of which he was a member, continued to pay rental at the rate of one hundred dollars annually for the use of the water power in question, up until 1886, the last payment being made June 3, 1886. In that year the factory using the water power burned down and was not rebuilt, and this action was brought to recover rent for the remainder of the term of twenty-five years commencing October 15, 1865, and ending October 15, 1890. The lease was recorded in June, 1868. From this brief statement of the leading facts of the case it would seem that there could be no question as to the liability of D. S. Smith and his estate for the rent claimed. But on the trial the defendants offered to prove by David G. Dewoody, a member of the firm of Dewoody, Smith & Co., who were the lessees named in the written lease, that the water power was operated by Dewoody, Smith & Co., up until the fall of 1868, under an agreement which Mr. Dewar had formerly made with D. T. Lane, as testified to by him, and " that the alleged lease on which this suit is brought was never accepted or entered into by the firm of Dewoody, Smith & Co., or rent paid by them thereunder."

D. T. Lane had already testified that he had put in the machine shop plant (the Petroleum Machine Works using the water) in 1864, and that he made a verbal contract at the time with Mr. Dewar, the owner of the mill property above the machine shop, from which the water power was derived, for the use of the water power at $100 a year for twenty years. He had also testified that he sold out to Dewar in March, 1865. It is alleged by the appellants in their history of the case that the firm of Dewoody, Smith & Co. was organized in October, 1865, and Dewoody testified that he continued in the firm until 1868, when he left it. Now the written lease in question was made in January, 1866, to the firm Dewoody, Smith & Co., and prima facie, the inference would be that they and those who succeeded them, held under the lease. But the offer of proof was that the water power was operated, not under the written lease but under the verbal agreement made by Dewar with Lane. The learned court below rejected the offer saying that it did not lie in the mouth of Dewoody to say that the lease was not valid after paying rent upon it, and thereupon counsel for the appel-

lants said that they never paid rent from the beginning.    While it certainly does seem strange that D. S. Smith did not claim under this written lease, an offer to prove the contrary, and that he really claimed under a different contract altogether, cannot be rejected.    For, supposing the offer to have been admitted, and thereupon proof given in accordance with the offer, a question of disputed fact would arise which could only be determined by the jury, to wit, under which contract did Smith or his firms really proceed and pay the rent?    Of course the determination of that question would involve a consideration of all the evidence in the case, as well that which indicates a holding under the written lease as that which indicates a holding under the verbal contract made by Dewar with Lane.    We will not discuss nor even enumerate any of those facts, nor will we discuss or decide the other questions which are raised in the paper-books.    It will be time enough to do that when the whole merits of the case are presented.    We sustain the sixth specification of error and say nothing about the others except that we do not sustain the fourth or fifth specifications.

Judgment reversed and new venire awarded.