441 A.2d 394

**Joseph J. NAVARRO**

v.

**OHIO CASUALTY INSURANCE COMPANY, et al.**

**Appeal of GOVERNMENT EMPLOYEES INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1981.

Filed Feb. 5, 1982.

152

Richard L. Kearns, Harrisburg, for appellant.

Timothy J. O'Connell, Harrisburg, for Navarro, appellee.

F. Lee Shipman, Harrisburg, for Ohio, appellee.

Before BROSKY, McEWEN and BECK, JJ.

BECK, Judge:

Appellee Joseph J. Navarro is the sole owner of a corporation, Joseph J. Navarro, Inc. In 1976, he sought to obtain insurance coverage for five motor vehicles, some owned by him or his wife and some owned by the corporation, and purchased "Fleet" insurance coverage through Dennis Woolf, a member of the Woolf-Strite Agency, under a policy with appellee Ohio Casualty Insurance Company. The policy listed Joseph J. Navarro, Inc. as the named insured and listed the five motor vehicles as covered vehicles. Ownership of these vehicles was not specified in the policies.

On October 22, 1977, appellee Navarro was injured while a passenger in an automobile owned by one Jose Ramirez. Jose Ramirez was a named insured in a policy of automobile insurance with appellant Government Employees Insurance Company.

Appellee Navarro sought payment of basic benefits, including work loss benefits, from appellee Ohio Casualty Insurance Company, and was refused. He brought suit, and appellee Ohio Casualty responded that he was not an insured entitled to benefits under any policy with that company. Appellee Navarro then demanded benefits from appellant, and was refused. He brought suit against that company, reciting that he was uninsured and therefore entitled to benefits from the company insuring the car in which he was injured under the No Fault Motor Vehicle Insurance Act. Appellant answered alleging that it had declined to make payments to appellee Navarro because he "has not furnished Defendant with proof or documentation of his entitlement to wage loss benefits."

Appellee Navarro obtained consolidation of the two actions and then filed a Motion for Summary Judgment, which actually sought partial summary judgment, seeking a determination by the court as to which of the two insurance companies was liable to him for his work loss benefits.

Following presentation of evidence by way of depositions and briefing by the parties, the lower court entered the following order:

> AND NOW, August 11, 1980, Plaintiff's motion to (sic) partial summary Judgment on the issue of liability is granted against Government Employees Insurance Company, the said motion is *denied* as to the defendant Ohio Casualty Insurance Company.

It is from this order that the within appeal was filed.

Although no party has raised the question of the jurisdiction of this court over this appeal, this court has the power to act only within the statutory enactments and rules conferring jurisdiction upon the court. Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. § 742, cited by appellant as

grounds for jurisdiction of the appeal, confers jurisdiction upon this court only of *final* orders of the court of Common Pleas. Final orders are those which make a final determination of the rights of the parties relating to the subject matter of the action, leaving nothing further to be done in the lower court. Thus, grant of a motion for summary judgment on liability only without entry of judgment against any party is not a final order: *Inselberg v. Employers Mutual Companies,* 291 Pa.Super. 406, 435 A.2d 1290 (1981).[1]

In this instance, the rights of the parties have not been determined in any final way. The court has merely determined that, should there be liability for work loss benefits, appellant is the company which would be liable. No final judgment was entered by the court. This is not a final order, and this court lacks jurisdiction over this appeal.

The appeal is therefore quashed.

---

1. Appellant herein did not seek certification of the order pursuant to 42 Pa.C.S. § 702(b), so we do not consider whether the appeal would have been allowed had appellant observed the procedure of Pa.R. App.P. 1311.