468 A.2d 817

**Roman HARASYM**

v.

**PENNSYLVANIA DEPARTMENT OF TRANSPORTATION,**
**Philadelphia Electric Company and the City**
**of Philadelphia.**

**Appeal of the CITY OF PHILADELPHIA.**

Superior Court of Pennsylvania.

Argued Sept. 20, 1983.

Filed Dec. 2, 1983.

Sarah Makin, Assistant City Solicitor, Philadelphia, for appellant.

Alexander Zdrok, Philadelphia, for Harasym, appellee.

Claudia J. Martin, Philadelphia, for Pa. Dept. of Trans., appellee.

Wayne M. Thomas, Philadelphia, for Phila. Elec. Co., appellee.

Before CIRILLO, JOHNSON and CERCONE, JJ.

PER CURIAM:

Appellant City of Philadelphia brings this appeal from the order of the trial court dated December 23, 1981 denying appellant's motion to open judgment or in the alternative to reconsider its order of November 10, 1981. Because the order of December 23 is not a final order, we quash the appeal.

The instant action arose from an automobile accident on July 27, 1978 in which plaintiff Harasym was injured when his vehicle struck a utility pole owned by Philadelphia Electric Company (PECO) on a state highway maintained by the Pennsylvania Department of Transportation (PennDot).

PECO, in turn, joined appellant as an additional defendant and filed a crossclaim against appellant.

On May 6, 1980 PECO served a Request for Production of Documents upon appellant. PECO filed a motion for sanctions on March 2, 1981, as appellant had failed to produce the requested documents. The trial court then ordered appellant to produce the requested documents within 20 days or be subject to further sanctions. Upon appellant's production of only certain documents, and pursuant to PECO's second sanctions motion on September 4, 1981, the trial court entered an order on November 10, 1981 granting judgment as to liability in favor of PECO against appellant on PECO's crossclaim, conditioned on the plaintiff's prevailing against PECO in the original complaint, which had not proceeded to trial at that time.

That order set forth:

### ORDER

AND NOW, to wit, this _____ day of November, 1981, no Answer or Answering Memorandum having been filed by Defendant, City of Philadelphia, Defendant's, Philadelphia Electric Company, Motion for Sanctions is granted and it is Ordered that judgment as to liability be entered against Defendant, City of Philadelphia, in favor of Defendant, Philadelphia Electric Company, in the crossclaim should Plaintiff prevail against said Defendant, for Defendant's, City of Philadelphia, failure to produce documents as directed in our Order of March 2, 1981, it appearing that said Defendant will be prejudiced in the defense of this claim by the failure of the Additional Defendant to furnish the documents requested.

BY THE COURT:
Greenberg, J.
11/10/81

This court has jurisdiction over "all appeals from *final* orders of the courts of common pleas." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (effective June 27, 1978) (emphasis added). A final order is an order

which either ends the litigation or disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association,* 456 Pa. 402, 319 A.2d 677 (1974); *Bracken v. Bracken,* 294 Pa.Super. 371, 439 A.2d 1247 (1982).

The order in the instant case did not determine the rights of the parties in any final way. The trial court has merely determined that, should PECO be liable for the plaintiff's injuries, then appellant would be liable, as the order substitutes appellant for PECO. No determination has yet been made concerning PECO's liability to the plaintiff. As such, the order is expressly conditional and therefore not reviewable on appeal. *Commonwealth ex rel. Blatt v. Parker,* 165 Pa. 213, 30 A. 675 (1895).

We find the instant case similar to that in *Navarro v. Ohio Casualty Insurance Company,* 295 Pa.Super. 151, 441 A.2d 394 (1982), where a grant of summary judgment on liability only without entry of judgment against any party was held not to be a final order for purposes of appeal. *See also* Pa.R.C.P. 1035(b) (summary judgment on liability alone is interlocutory).

Appeal quashed.