472 A.2d 701

**Joseph J. NAVARRO**

v.

**OHIO CASUALTY INSURANCE COMPANY and the Government Employees Insurance Company.**

**Appeal of The GOVERNMENT EMPLOYEES INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Submitted Nov. 7, 1983.

Filed March 2, 1984.

Richard L. Kearns, Harrisburg, for appellant.

Timothy John O'Connell and F. Shipman, Harrisburg, for appellees.

Before McEWEN, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

Appellant Government Employees Insurance Company (GEICO) brings this appeal from the order of December 9, 1982 requiring GEICO to pay appellee/plaintiff Joseph J. Navarro $15,000 plus 18% interest in work loss benefits pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act.[1]

Joseph J. Navarro was injured in a collision which occurred on October 22, 1977 while a passenger in a vehicle driven and owned by Jose Ramirez. On that date, Ramirez had in full force and effect an automobile insurance policy with GEICO. Also in effect on that date was a corporate fleet automobile insurance policy between Joseph J. Navarro, Inc. (a corporation wholly owned by plaintiff Joseph J. Navarro and his wife) and Ohio Casualty Insurance Company (Ohio Casualty). One of the vehicles listed as covered in this fleet policy was registered to Navarro individually and another registered to Navarro and his wife individually.

Plaintiff Navarro instituted suit against each insurance company separately after each refused his demands for work loss benefits. Following consolidation of the actions and a motion by plaintiff for partial summary judgment, the trial court entered an order on July 1, 1980 granting partial summary judgment as to liability against GEICO and denying the same as against Ohio Casualty. GEICO's appeal from that order was quashed by this court as interlocutory. *Navarro v. Ohio Casualty Insurance Company*, 295 Pa. Super. 151, 441 A.2d 394 (1982). On December 9, 1982, following a hearing, the trial court ordered GEICO to pay work loss benefits to plaintiff.

The issue presented is whether the owner of a vehicle who obtains automobile insurance in the name of his solely-

1. 40 P.S. § 1009.101 et seq.

owned corporation instead of in his own name, is an "insured" under the No-fault Act.

GEICO initially argues that the insurance contract between Navarro and Ohio Casualty should be reformed to show the name of the insured as Navarro individually where a mutual mistake of facts exists as to the correct insured.

GEICO argues that through some breakdown in communication, Navarro and the Ohio Casualty agent failed to realize that some of the vehicles were individually owned and as such, not properly covered by the fleet policy. GEICO would have this court reform the contract so that it covers the vehicles owned by Navarro (and his wife) individually, as an individual policy. This we cannot do.

■■ A contract may be reformed where mutual mistaken belief, shared by the parties with respect to a material aspect of the agreement, prevents it from conforming to the true intention of the parties. *Philadelphia Electric Co. v. Borough of Lansdale,* 283 Pa.Super. 378, 424 A.2d 514 (1981). However, in order to be entitled to such relief, a person must be either a party to the instrument or in privity with said parties.[2] *Lachner v. Swanson,* 251 Pa.Super. 561, 380 A.2d 922 (1977); *see also* 66 Am.Jur.2d, Reformation of Instruments, § 60. In the instant case, GEICO is neither. We therefore find no merit to this argument.

GEICO argues further that Navarro was an "insured" under the No-fault Act in the Ohio Casualty fleet policy and therefore, under section 204(a)(2) of the Act, entitled to receive benefits from Ohio Casualty.

Section 204(a) of the Act sets forth:

§ 1009.204 **Source of basic restoration benefits**

(a) **Applicable security.**—The security for the payment of basic loss benefits applicable to an injury to:

(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a

─────

**2.** Neither Navarro nor Ohio Casualty have requested reformation.

motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

(2) an insured is the security under which the victim or deceased victim is insured;

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

(5) any other individual is the applicable assigned claims plan.

Insured is defined in section 103 as:

"Insured" means:

(A) an individual identified by name as an insured in a contract of basic loss insurance complying with this act; and

(B) a spouse or other relative or a named insured, a minor in the custody of a named insured, and a minor in the custody of a relative of a named insured if—

(i) not identified by name as an insured in any other contract of basic restoration insurance complying with this act; and

(ii) in residence in the same household with a named insured.

An individual is in residence in the same household if he usually makes his home in the same family unit, even though he temporarily lives elsewhere.

■ As an individual, Navarro was *not* insured. The Ohio Casualty policy covered only the corporation. GEICO desires that we rewrite the contract between Navarro and Ohio Casualty. Where, as here, the policy is clear and

unambiguous, it is not the function of the court to rewrite a policy or give its terms a construction in conflict with their plain meaning. *Garber v. Travelers Ins. Co.*, 280 Pa.Super. 323, 421 A.2d 744 (1980).

■ Navarro's policy clearly is limited in its coverage to the corporation, rather than Navarro individually. Hence, section 204(a)(3) is the proper subsection under the facts of the instant case. As GEICO covered the vehicle involved, it is liable for Navarro's work loss. *See Singer v. Nationwide Ins. Co.*, 274 Pa.Super. 359, 418 A.2d 446 (1980).

Finally, GEICO argues that if we do not construe the Ohio Casualty insurance policy as covering Navarro individually, then he is in violation of section 601 of the Act, as being uninsured, thereby rewarding a party for failing to insure their vehicle. However, in *Hayes v. Erie Ins. Exchange*, 261 Pa.Super. 171, 395 A.2d 1370 (1978), rev'd in part and aff'd in part, 493 Pa. 150, 425 A.2d 419 (1981), we stated that such an argument "should be directed to the Legislature."

Order affirmed.