496 A.2d 797

**Joann SOLIS, Appellee,**

v.

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1984.

Filed July 26, 1985.

Walter S. Jenkins, Philadelphia, for appellant.

Marvin I. Lessin, Philadelphia, for appellee.

Before CAVANAUGH, BECK and TAMILIA, JJ.

BECK, Judge:

The issue presented is whether an insurance carrier may apply its insured's coordination of benefits election under Section 203(b) of the Pennsylvania No-fault Motor Vehicle Insurance Act ("No-Fault Act")[1] to a non-relative who is injured while a passenger in the insured's motor vehicle and who is covered under a private health and accident insurance plan. The appellant asserts that to allow recovery results in a windfall to a passenger in an insured motor vehicle.

At the time of the accident in question, appellee was a passenger in a motor vehicle owned by Joan Sommers and insured by Prudential Property and Casualty Insurance Company (Prudential). Since appellee neither owned an automobile nor resided with anyone who owned an automobile, appellee was not personally covered by any automobile liability insurance. Appellee was, however, covered under a private health and accident insurance plan. After the accident, appellee sought to recover no fault benefits from appellant Prudential, the insurer of the automobile in which appellee had been injured. Prudential contested its liability for appellee's claim because prior to the accident, Prudential's insured (Ms. Sommers) had elected to coordinate benefits pursuant to Section 203(b) of the No-Fault Act. There-

1. Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.203(b).

after, appellee filed a motion for summary judgment which the court granted on the issue of liability. Appellant appeals bringing into question this issue of first impression. We conclude that the trial court's grant of summary judgment was proper.

The parties agree that there is no dispute as to any material fact and that the matter was ripe for summary judgment. Pa.R.C.P. No. 1035; *Woytek v. Benjamin Coal Co.*, 300 Pa.Super. 397, 446 A.2d 914 (1982). The disposition of the controversy turns upon the interpretation of Section 203(b) of the No-Fault Act. As the insurer of the Sommers vehicle, appellant Prudential is designated by Section 204(a)(3) of the No-Fault Act, 40 P.S. § 1009.204(a)(3) as the source of payment of basic loss benefits to appellee. The owner of the Sommers vehicle, however, under Section 203(b) elected to make her automobile liability insurance coverage secondary to other medical coverage for payment of basic loss benefits. Appellant contends that appellee is bound by the election made by the owner of the car and that it is not obligated to pay appellee's basic loss benefits because appellee carried private health insurance. Appellee contends that Sommers' election under Section 203(b) does not bind her because appellee is not a named insured under Sommers' policy of automobile liability insurance.

> The issue necessitates interpretation of Section 203(b): The owner or operator of a motor vehicle may elect to provide for security in whole or in part for the payment of basic loss benefits through a program, group, contract or other arrangement that would pay to or on behalf of the *victim or members of his family* residing with him or the survivor of a deceased victim, allowable expense, loss of income, work loss, replacement services loss and survivors loss. In all such instances, each contract of insurance issued by an insurer shall be construed to contain a provision that all basic loss benefits provided therein shall be in excess of any valid and collectible benefits otherwise provided through such program, group, contract or other arrangement as designated at the election of the

owner or operator which shall be primary. (Emphasis added.)

Pivotal to our interpretation of this section is the intendment of the phrase "victim or members of his family." The plain meaning of the language in the statute forces the conclusion that "victim" signifies the named insured. This conclusion is supported by the regulations applicable to Section 203(b) at 31 Pa.Code 66.1–203 which refers to the victim as the named insured.

The trial court correctly interpreted Section 203(b) and concluded that the automobile owner in making the Section 203(b) election for herself had no authority to bind an unrelated third party, in this instance appellee. Appellant insurance company complains that the trial court relied on an opinion of an investigator of the Pennsylvania Insurance Department and a legal treatise in interpreting the provisions of the Pennsylvania No-Fault Motor Vehicle Insurance Act. The appellant misperceives the action of the trial court. The trial court notes that its statutory interpretation is "supported" by the view of a treatise on the Pennsylvania No-Fault Act and an opinion issued by the Pennsylvania Insurance Department. It is certainly not error for the court to look for guidance from recognized, reliable and published sources that relate to the issue before the court.

Finally, appellant claims that the award of attorney's fees to appellee is improper. Both parties state in their briefs that the trial court awarded attorney's fees to appellee. We have examined the trial court's opinion and have found that it does not address the issue of attorney's fees. In appellee's motion for summary judgment, she alleges that she is entitled to attorney's fees. Although the court granted summary judgment, it granted summary judgment only on the issue of liability. It did not rule on the question of attorney's fees. Therefore, we will not address the question here. The court in determining the damage portion of the case is directed to clarify the question of attorney's fees.

Order affirmed.