**Sourbeer v. Nationwide Insurance**

*Jordan D. Cunningham,* for plaintiff.

*William A. Addams,* for defendant Nationwide Insurance.

*William P. Douglas,* for defendant Pennsylvania National Mutual Casualty Insurance Company.

BAYLEY, *J.,* August 23, 1985 — On October 4, 1984, plaintiff Kurt J. Sourbeer was injured in a single vehicle automobile accident. At that time, he was a passenger in an automobile being driven by Kathleen Novi. Novi had a Pennsylvania No-fault Automobile Insurance Policy providing basic personal injury protection with defendant, Pennsylvania National Mutual Casualty Insurance Company.

On the date of this accident, plaintiff was married to Laird Leask. Defendant, Nationwide Insurance insured Leask as the named insured and provided basic personal injury protection under a standard Pennsylvania No-fault Insurance Policy. Also, on the date of the accident, plaintiff was insured by defendant, Nationwide Insurance on a "Business Auto Policy" which included within its terms a basic personal injury protection endorsement. This policy lists the policy holder as "Kurt J. Sourbeer Ski Repair." Immediately thereafter, the policy lists the form of the named insured's business as being "an individual." Plaintiff's ski repair business was a solely owned, unincorporated business. The policy con-

tains language providing for medical expenses and work-loss benefits as follows:

"In accordance with the Pennsylvania No-fault Motor Vehicle Insurance Act, the Company will pay any or all personal injury protection benefits for:

(a) medical expenses;

(b) work loss;

(c) replacement services;

(d) funeral expenses; and

(e) survivor's loss

for bodily injury to an eligible person due to an accident resulting from the maintenance or use of a motor vehicle as a vehicle."

The same endorsement defines an eligible person as:

"(a) The *named insured* or any *relative* who sustains *injury* while *occupying* or as a pedestrian struck by, any *motor vehilce,*

(b) Any other person who sustained *injury* while *occupying,* or as a pedestrian struck by, the *insured motor vehicle.*" (Emphasis added.)

The record shows that when plaintiff started his ski repair business his insurance agent suggested that he go to a different policy. When this new "business auto policy" was issued the cover letter accompanying the policy noted:

"Dear policy holder:

Enclosed is your new Business Auto Policy. It replaces your present Basic Auto Liability policy.

You'll find your new policy to be written in easy-to-read and understand language. Please take a few minutes to read-and-compare-with your old policy. Your new policy provides protection equal to or broader than your present policy . . .

One other specific change should be noted. The former physical damage coverages of Fire, Theft and Combined Additional — When included togeth-

er on the policy — will now be known as Specified Perils. It's the same coverage, but under a new name ... .

/s/ Nationwide Mutual Insurance Company"

The order of priorities between insureds responsible for the payment of benefits under the Pennsylvania No-fault Motor Vehicle Act are:

"§ 1009.204 Sour of basic restoration benefits

(a) Applicable security. — The security for the payment of basic loss benefits applicable to an injury to:

(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

(2) an insured is the security under which the victim or deceased victim is insured;

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

(5) any other individual is the applicable assigned claims plan."*

---

*40 P.S. § 1009.204(a), now repealed.

In this case plaintiff maintains that Nationwide Insurance is responsible to pay his no-fault benefits pursuant to his business policy. In the alternative, he maintains that if he is not covered under this policy the benefits should be paid by defendant, Pennsylvania National Mutual Casualty Insurance Company, because he claims that he was not living in the residence of his wife on October 4, 1984 when the subject accident occurred.

The basic distinction between no-fault insurance coverage and liability insurance coverage is that no-fault coverage follows the person, whereas liability coverage follows the automobile. Nationwide Insurance maintains that coverage for plaintiff's work loss and medical bills fall under the policy it issued to the plaintiff's wife, Laird Leask. Section 103 of the No-fault Act defines "insured" as "an individual identified by name as an insured in the contract of Basic Loss Insurance. . . " In this case, the business policy states under "Named insured" — Kurt J. Sourbeer Ski Repair, R.D. 3, Box 1105, Newville, Pa. 17241. Immediately below it under "Insured's business" it states, "an individual." Nationwide argues that it is clear that the individual identified by name as the insured in the contract for basic loss insurance is "Kurt J. Sourbeer Ski Repair" and not "Kurt Sourbeer" even though, as defendant states in its brief, the policy coincidentially happens to contain plaintiff's name, even though the business is the named insured.

Pennsylvania National concurs with plaintiff's argument that the business policy applies. In the alternative it maintains that the facts of this case show that plaintiff resided in the same household with his wife at the time of the accident. Section 103 of the No-fault Act, in pertinent part, defines an insured as a spouse not identified by name as an in-

sured in any other contract of basic restoration insurance complying with the act, and in residence in the same household with the named insured. Pennsylvania National correctly maintains that under §204 of the act it can only be required to pay benefits if, in fact, plaintiff is not entitled to recover under the business policy with Nationwide Insurance, and he was not a resident in the same household of his wife on the date of the accident.

## DISCUSSION

The rules relating to the construction of insurance policies in Pennsylvania are well established. The court's duty is to ascertain the intent of the parties as manifested in the language of the agreement. Mohn v. American Cas. Co. of Reading, 458 Pa. 576, 326 A.2d 346 (1974). The court should read policy provisions so as to avoid ambiguities if the policy language of the contract permits. Pennsylvania Manufacturers" Association Ins. Co. v. Aetna Casualty & Sur. Ins. Co., 426 Pa. 453, 233 A.2d 548 (1967). A court should not torture the language of a policy to create ambiguities. Urian v. Scranton Life Ins. Co., 310 Pa. 144, 165 Atl. 21 (1933). If the language is unambiguous, interpretation of the contract is a matter of law for the court. Adelman v. State Farm Mut. Auto Ins. Co., 255 Pa. Super. 116 (1978). If an ambiguity does exist and if the insurer wrote the policy or is in a stronger bargaining position than the insured, the ambiguity is generally resolved in favor of the insured and against the insurer. Mohn v. American Cas. Co. of Reading, supra. The basic function that the court is to perform in the consideration of an insurance policy is to ascertain the intention of the parties to the contract. Standard Venetian Blind Co. v. American Empire Ins. Co., 503 Pa. 300, 469 A.2d 563 (1983).

In Navarro v. Ohio Cas. Ins. Co., 325 Pa. Super. 167, 472 A.2d 701(1984), Joseph J. Navarro was injured in a collision which occurred while a passenger in a vehicle driven and owned by Jose Ramirez. Ramirez was insured by GEICO. On the date of the accident there was a corporate fleet automobile insurance policy issued to Joseph J. Navarro Inc., a corporation wholly owned by Navarro and his wife, by the Ohio Casualty Insurance Company. The Superior Court framed the issue, as whether the owner of a vehicle who obtains automobile insurance in the name of his solely-owned corporation, instead of his own name, is an "insured" under §103 of the No-fault Act. The Superior Court held that Navarro was not insured as an individual where the policy was clear and unambiguous in the limitation of its coverage to the corporation, rather than Navarro individually. Accordingly, §204(a)(3) was the appropriate section to determine priority of payment and, as such, GEICO was liable for Navarro's work loss.

In Nationwide Mutual Insurance Company v. United States Fidelity and Guaranty Company, 529 F.Supp. 194 (E.D., 1981), Robert S. Treegoob, a minor, was struck by a vehicle insured by Nationwide. U.S.F.&G. had insured two automobiles owned or leased by Valient Finance Company and/or Treegoob Appliances, Inc., which were available to Robert's father, Warren Treegoob, for pleasure and business purposes.

An endorsement to the USF&G policy identified the "named insured" of that policy as follows:

"It is hereby agreed and understood that the Named Insured is: *Harold and Warren Treegoob T/A Treegoob's;* Treegoob's Appliances, Inc.; Warren Mark Corporation; Valient Finance Company, Inc.; and Valient Consumer Discount Company,

A.T.I.M.A. [as their interests may appear]." (Emphasis added.)

Beneath the designation of the named insured appeared the following addendum:

"It is also agreed and understood that the five above mentioned entities are of common financial ownership and control."

USF&G argued that Warren Treegoob was not the named insured and asserted that the phrase "Harold and Warren Treegoob T/A Treegoob's" designated only the partnership "Treegoob's" as the named insured. Therefore, it concluded that the injured son Robert could not be a relative of a partnership. Nationwide argued that the phrase clearly designated Warren Treegoob as a named insured, or at the very least was ambiguous, and must be construed against the insurer. It also argued that under Pennsylvania law the designation of a partnership as a named insured operates to insure the partners as individuals, and that Treegoob was entitled to personal injury protection under the "reasonable expectation rule" because insurance contracts should provide that coverage which one would reasonably expect upon reading the policy.

The district court concluded that the phrase "Harold and Warren Treegoob T/A Treegoob's" was ambiguous and that reasonable individuals could differ as to whether this provision designates the partnership, the individuals or both as the named insured. We need go no further in our analysis of the present case. Unlike the facts of Navarro, where a corporation was named as the insured, the policy in this case names "Kurt J. Sourbeer Ski Repair" as the named insured and specifically refers to him as "an individual." If the insureds business is an "individual" and he is identified as such in the policy, then the individual is the insured and entitled to all

of the protections afforded by the policy. At the very least the provision in the present policy is ambiguous. However, whether clear or ambiguous, he is entitled to recover under this policy.

Furthermore, plaintiff certainly had a reasonable expectation that he was covered as an individual since the policy specifically referred to him as same. And when he purchased the policy, Nationwide told him that ". . . Your new policy provides protection equal to or broader than your present policy . . ." As in Nationwide Mutual Insurance Company v. United States Fidelity & Guaranty Company, supra, Sourbeer's vehicle was available for business and personal use. In fact, it was used only for personal use during recent years since plaintiff no longer operates his ski repair business. We find Nationwide's arguments unconvincing that the policy language limits recovery to only those situations where the vehicle covered by the policy was involved in an accident.

This resolution that the "business auto policy" is the applicable coverage, also means that Pennsylvania National is not responsible for the benefits sought by plaintiff. We would note, however, that we find as a fact that Mr. Sourbeer was still residing in the same household as his wife on October 4, 1984. While the parties were having some marital difficulties, and while he was not staying home on a regular basis, he had no other separate residence nor did he intend to abandon his domicile permanently. Section 103 of the No-fault Act provides that ". . . [a]n individual is in residence in the same household if he usually makes his home in the same family unit, even though. he temporarily lives elsewhere."

Plaintiff further demands that we award his reasonable counsel fees against Nationwide. Section 107(3) provides that "[i]f in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended." 40 P.S. §1009.107(1),(3).

We note initially that plaintiff's position in this litigation is that if Nationwide is not obligated to him under its business auto policy, then the obligation is Pennsylvania National's because he claims that he was not residing in his wife's home at the time of the accident. Accordingly, in determining the counsel fee issue we must decide whether or not there was a reasonable foundation for Nationwide to deny and contest coverage under its business auto policy. Essentially the reasonable foundation test is a good faith test. Hays v. Erie Ins. Exchange, 493 Pa. 150, 425 A.2d 419 (1981). We do not consider Nationwide's arguments to have been frivolous and we find as a fact that their position has been maintained in good faith. It is worth noting that at the pre-trial conference plaintiff did not assert that the business policy was applicable, although his complaint avers that coverage had been denied thereunder. The issue was only seriously presented following the filing of a motion for summary judgment. Our resolution involves an analysis of the contractual relationship between the parties, and although we are satisfied that our interpretation of provisions of the insurance policy is correct, we would not suggest that reasonable minds might not differ. Accordingly, as a matter of discretion, we will not award counsel fees.

## ORDER OF COURT

And now, this August 23, 1985, summary judgment on liability is entered in favor of plaintiff and against defendant Nationwide Insurance on its business auto policy no. 58-BA-161811-0001. Summary judgment is entered in favor of defendant Pennsylvania National Mutual Casualty Insurance Company.