506 A.2d 1310

**David G. PAVELIC and Anne Marie Pavelic, His Wife, and Bette Rubin Weinberger, ACSW, and All Those Similarly Situated, Appellants,**

v.

**NATIONWIDE INSURANCE, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1985.

Filed Feb. 14, 1986.

Reargument Denied April 22, 1986.

Neil J. Rovner, Harrisburg, for appellants.

Stephen A. Moore, Harrisburg, for appellee.

Before WIEAND, OLSZEWSKI and WATKINS, JJ.

OLSZEWSKI, Judge:

This matter comes before this court on appeal from an order of the lower court granting appellee's Motion for Judgment on the Pleadings and holding that appellants were not entitled to reimbursement for counseling services provided by a social worker. Appellants contend that the No-Fault Act should not prevent an insurer from paying for rehabilitation services provided by a social worker who is not obligated to fulfill any state accreditation or licensing requirements. We disagree.

Appellant David Pavelic was involved in a fatal automobile accident in which his close personal friend had been killed. Pavelic was twenty-four years old at the time of the accident and suffered severe hip injuries as well as emotional trauma. As a result of the accident, Mr. Pavelic and his wife sought psychological counseling from Bette Weinberger, a social worker and counselor. Appellants sought reimbursement for these counseling services under the Pennsylvania No-Fault Act, but the insurer refused payment. First, they contended that Mrs. Weinberger was not a licensed practitioner and therefore was not entitled to reimbursement under the No-Fault Act. Second, they argued that Mrs. Pavelic was not injured in the accident and therefore was not entitled to reimbursement for her rehabilitation expenses. Consequently, appellants filed a class action suit on behalf of similarly situated emotionally and sociologically traumatized accident victims and their sociological counselors. The lower court concluded that under the applicable section of the Pennsylvania No-Fault Motor

Vehicle Insurance Act, 40 Pa.C.S.A. Sec. 1009.103 (Purdon 1984–85 supp.) (now repealed) which defines compensable medical and vocational rehabilitative services as "services necessary to reduce disability and to restore the physical, psychological, social and vocational functioning of a victim," the appellants' treatments for emotional trauma would be included. Nevertheless, the court found that regardless of whether the social worker was or was not required to be accredited by the state, an insurer is only obligated to provide coverage for those treatments conducted through an accredited facility. Thus, the court concluded that appellee was not obligated to bear the costs. We agree with this result.

It is noteworthy that this is a case of first impression before this court. The dilemma confronting us gravitates around the legislative intent of the following section of the Pennsylvania No-Fault Motor Vehicle Insurance Act.

MEDICAL AND VOCATIONAL REHABILITATION SERVICES means services necessary to reduce disability and to restore the physical, psychological, social, and vocational functioning of a victim. Such services may include, but are not limited to, medical care, diagnostic and evaluation procedures, physical and occupational therapy, other necessary therapies, speech pathology and audiology, optometric services, nursing care under the supervision of a registered nurse, medical social services, vocational rehabilitation and training services, occupational licenses and tools, and transportation where necessary to secure medical and vocational rehabilitation services. *A basic loss obligor is not obligated to provide basic loss benefits for allowable expense for medical and vocational rehabilitation services unless the facility in which or through which such services are provided has been accredited by the Department of Health, the equivalent governmental agency responsible for health programs, or the accrediting designee for such department or agency of the state in which such services are provided, as being in accordance with applicable requirements and regulations.*

40 Pa.C.S.A. Sec. 1009.103 (Purdon 1984–85 supp.) (now repealed) (emphasis added).

Appellants argue that the legislators intended the No-Fault Act to provide the victim with a wide range and choice of services except where the service is governed by state law or an accredited agency. In that instance, the service provider must act in accordance with state law. Appellants urge us to narrowly construe the sentence emphasized above and to strictly impose state standards against those service providers who are required to be accredited by the state. But, where no accreditation requirements are imposed, as in the case before us, then this court should determine on a case-by-case basis: (1) whether the services for which reimbursement are claimed are in fact medical and rehabilitative services; and (2) whether the services are reasonable and necessary.

■ Appellee argues that it is not obligated to reimburse appellants under the No-Fault Act since the "provider" of the rehabilitation services was neither accredited nor licensed by the Commonwealth to provide such services. We agree with appellee's argument, however, we have serious reservations about the consequences of this interpretation.

Without a doubt, the No-Fault legislation was intended to provide for "a Statewide system of prompt and adequate basic loss benefits to the victims of motor vehicle accidents and to the survivors of the deceased victims." *See* 40 Pa.C.S.A. Sec. 1009.102(b) (Purdon 1984–85 supp.) (now repealed). In addition, the Act strongly emphasized the rehabilitation of accident victims. *See* 40 Pa.C.S.A. Sec. 1009.-102(a)(9)(B). *See* Shrager & Applebaum, *The Pennsylvania No-Fault Motor Vehicle Insurance Act: Constitutional Analysis,* 48 Temple L.Q. 475, 476 (1975). Yet, despite the spirit of the Act, we must conclude that the insurer was not obligated to provide reimbursement in this situation.

■ Our Supreme Court recently stated that "courts should not disturb the plain meaning of statutory language by resorting to the rules of statutory construction. The

principles of statutory construction are only an aid in determining legislative intent and will not be permitted to change the clear meaning of legislative mandate." *Philadelphia Housing Authority v. Commonwealth of Pennsylvania Labor Relations Board,* 508 Pa. 576, 581, 499 A.2d 294, 297 (1985) (Nix, C.J.). Consequently, if the language of the statute is clear, it may not be disregarded under the guise of presumed legislative intent. *Causer v. Mandarino,* 338 Pa.Super. 564, 569, 488 A.2d 36, 39 (1985).

It is unfortunate, as appellee contends, that the legislature, whether guided by intent or neglect, has chosen to exclude a certain class of service providers from coverage under this section of the No-Fault Act. Clearly this is not a case in which the service provider has failed to meet accreditation or licensing requirements. As we realize today, certain professions do not have to fulfill similar responsibilities. Consequently, in some instances, victims may have to forego treatment from such individuals/facilities or incur the expense of such treatment themselves. While it is true that the legislature may not have envisioned the situation confronting this court today, we are nevertheless bound to interpret the law and not to legislate.

Order affirmed.