## Commercial Union Insurance Companies v. Fidelity Guaranty Insurance Company

*David L. Schwalm*, for plaintiff.
*Thomas E. Brennan*, for defendant.

NATALE, *J.*, August 18, 1988—Presently before the court are cross-motions for summary judgment. The parties have filed a stipulation of facts and an amended stipulation of facts.

### THE FACTS

As the facts are fully set forth in the stipulation of facts and the amended stipulation of facts, the court

will only briefly outline them for purposes of this opinion.

Christopher L. Gooday sustained injuries as a passenger in his father's car during a motor vehicle accident that occurred June 1, 1984. At that time, Christopher L. Gooday resided with his father, Edward C. Gooday, and with his sister, Pamela Gooday Novak. His father was the named insured under a policy issued by plaintiff, Commercial Union Company. His sister was the name insured under a policy issued by defendant, Fidelity and Guaranty Insurance Company.

Pamela Gooday Novak had selected excess medical coverage for first party benefits. She had group health insurance coverage through her employer. Christopher L. Gooday was not covered under this group health policy.

Edward C. Gooday had group health coverage. Pennsylvania Blue Shield paid $973.50 for injuries sustained by his son in the motor vehicle accident. Plaintiff Commercial Union Insurance Company paid a total of $14,196.40 under its policy as a result of the injuries sustained by Christopher L. Gooday.

## ISSUE

Do the automobile insurance policies apply equally to the injuries of Christopher L. Gooday under the priorities of 40 P.S. §1009.204(a) [repealed]?

## DISCUSSION

Both parties agree that they fit within subsection (2) of 40 P.S. §1009.204(a). The Pennsylvania No-fault Act is presently repealed but was in effect at the time of the accident. Subsection 204(a) stated, in pertinent part, as follows:

"The security for the payment of basic loss benefits applicable to an injury to:

"(2) An insured is the security under which the victim, or deceased victim is insured;" 40 P.S. §1009.204(a)(2).

When two policies apply equally to an injury, the companies issuing the policies are responsible to make payment of the necessary benefits. As stated in 40 P.S. §1009.204(b):

"If two or more obligations to pay basic loss benefits apply equally to an injury under the priorities set forth in subsection (a) of this section, the obligor against whom a claim is asserted first shall process and pay the claim as if wholly responsible. Such obligor is thereafter entitled to recover contribution pro rata from any other such obligor for the basic loss benefits paid and for the costs of processing the claim. If contribution is sought among obligors responsible under paragraph (4) of subsection (a) of this section, proration shall be based on the number of involved motor vehicles."

Despite the fact that defendant agrees both policies fit within the same level of priority, defendant argues that both policies do *not* apply equally to the injury and thus it bears no responsibility for payment of the claim. Defendant notes that in the case of *Fireman's Fund Insurance v. Nationwide Mutual Insurance,* 317 Pa. Super. 497, 464 A.2d 431 (1983) the Superior Court reviewed factors to be utilized in determining whether carriers were equally responsible for no-fault benefits.

In the *Fireman's Fund* case, the two insurance policies arose under the same level of priorities and provided the same type of coverage (there was no claim that either of the policies provided only some type of limited coverage to be utilized only when other collectible insurance is exhausted, such as

"secondary", "excess" or "umbrella"). The court determined the policies applied equally but that the term "contribution pro rata" in section 204(b) was not defined under the law. After reviewing· the meaning of the term in the insurance industry, the court directed the lower court to apply the proration clauses of the policies* and if in conflict, to apply a policy limits ratio.

Defendant points to the fact that the two policies in the case at bar do not provide the same type of coverage for their named insureds as a reason to take its policy out of the provisions of section 204(b) — i.e., the policies, despite equal priority levels, do not "apply equally to an injury under the priorities set forth in subsection (a) . . . ." 40 P.S. §1009.204(b).

Defendant's distinguishing factors are Pamela Gooday Novak's election of excess medical coverage for first party benefits, and the fact that she listed only herself as an operator. Plaintiff's policy does not contain the excess medical coverage provision and lists Christoper L. Gooday as an operator. This court cannot agree with defendant's rationale and finds the policies to apply· equally as to Christopher L. Gooday's injuries.

The group health insurance obtained by Pamela Gooday Novak did not provide coverage to or pay on behalf of her brother. Thus, the provisions of 40 P.S. §1009.203(b) are not applicable. That subsection states:

"The owner or operator of a motor vehicle may elect to provide for security in whole or in part for the payment of basic loss benefits through a program, group, contract or other arrangement that

---

* The policies were not contained in the record before the Superior Court.

would pay to or on behalf of the victim or members of his family residing with him or the survivor or a deceased victim, allowable expense, loss of income, work loss, replacement services loss and survivor's loss. In all such instances, each such contract of insurance issued by an insurer shall be construed to contain provisions that all basic loss benefits provided therein shall be in excess of any valid and collectible benefits otherwise provided through such a program, group, contract or other arrangement as designated at the election of the owner or operator which shall be primary."

Pamela Gooday Novak's decision to make her group health insurance coverage primary is not binding or applicable to the injuries sustained by her brother. Christopher L. Gooday is in an identical position with respect to coverage under his sister's policy as an unrelated third party would be. Her decision does not bind her brother. See *Solis v. Prudential Property and Casualty Insurance Co.,* 344 Pa. Super. 284, 496 A.2d 797 (1985); *Mogan v. State Farm Mutual Automobile Insurance Co.,* no. 1371 of 1983 (Westmoreland County, February 25, 1985). The election does not affect the equal application of these policies to Christopher L. Gooday's injuries. (This includes any claim of reduction by $973.50 for bills paid by the father's health care provider.)

Further, the court finds Christopher L. Gooday's inclusion as an operator under plaintiff's policy solely for the purpose of risk classification. It is not sufficient to exclude him as an insured under defendant's policy because he is "identified by name" as an insured operator in plaintiff's policy. 40 P.S. §1009.103 provides that an insured is:

"(A) An individual identified by name as an insured in a contract of basic loss insurance complying with this act; and

"(B) A spouse or other relative of a named insured, a minor in the custody of a named insured, and a minor in the custody of a relative of a named insured if

"(i) not identified by name as an insured in any other contract of basic restoration insurance complying with this act; and

"(ii) in residence in the same household with a named insured."

The declaration page of the Commercial Union Insurance Policy only names Edward Gooday as a named insured in section 1. The definitional section of the policy states:

"Throughout this policy, you and your refer to: (1) the named insured shown in the declarations; and (2) the spouse if a resident of the same household."

Section 4 of the declaration page lists "operators and non-operators" of the insured vehicle. Section 4 of the declaration page is used solely for the purpose of establishing the premium, not for identifying the insured under the policy.

The cases cited by defendant are not applicable to this issue. While this case involves coverage between insurance carriers on the same level of priority under 40 P.S. § 1009.204, *Pennsylvania National Mutual Casualty Insurance Co. v. J.C. Penney Insurance Co.*, 8 D.&C.3d 265 (1978), involved a coverage dispute between insurance carriers on different levels of priority. Furthermore, *Navarro v. Ohio Casualty Insurance Co.*, 325 Pa. Super. 167, 472 A.2d 701 (1984) actually supports the view that Christopher L. Gooday is not "identified by name as an insured" under the Commercial Union Insur-

ance Company policy. In *Navarro,* the court held that Navarro was not an insured under the Ohio Casualty Insurance policy issued to a company that was solely owned by Navarro even though "[o]ne of the vehicles listed as covered in this fleet policy was registered to Navarro and his wife individually." *Id.* at 169, 472 A.2d at 702.

Although no Pennsylvania cases have specifically addressed the issue involved in this action, other state courts have done so. In *Jarvis v. Aetna Casualty & Surety Co.,* 633 P.2d 1359 (1981), the declaration page of the Aetna policy listed Frank Console as the named insured in item no. 1. In section 6 of the declaration page entitled "insured information" the names and birthdates of Frank Console, Margaret Console and Steve Console were listed. Plaintiff Jarvis was subsequently injured in a collision with a non-owned vehicle operated by Steve Console. Jarvis contended that since Steve Console's name appeared on the declaration page of the policy, he was a "named insured" and therefore covered as a permissive user of a non-owned automobile. The court concluded that Steve Console was not a named insured merely because his name was included in section 6 of the declaration page. The court stated:

"If a lay person looks only at the declarations page of the policy and reads the coverage provisions, he or she might assume the three persons named in item 6 on the declarations page are 'named insureds.' However, if he or she reads through the lists of definitions, and refers back to the declarations page and again to the coverage provision, it is evident that the person named in item 1 and his or her spouse are extended coverage different from that extended other insureds under the policy. There is no mention in the policy of the significance of the information contained in item 6."

Similarly, Christopher L. Gooday is "not identified by name as an insured" in the Commercial Union policy merely because he is listed in section 4 entitled "operators and non-operators." Christopher L. Gooday may be insured under the policy because he is a family member who is a resident of the household of a named insured, but he is clearly not insured merely because of his inclusion in section 4 of the declaration page.

Thus, none of defendant's distinguishing factors have merit when applied to the injuries received by Christopher L. Gooday. The policies of plaintiff and defendant apply equally to the injuries. Plaintiff, having paid a total of $14,196.40 of the medical expenses of Christopher L. Gooday is entitled to a contribution pro rata of $7,098.20 from defendant. As only the basic loss benefits figures have been presented to this court, it can make no determination as to the "costs of processing the claim" to which plaintiff would also be entitled to collect pro rata under 40 P.S. § 1009.204(b).

Accordingly, defendant's motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted. A judgment of $7,098.20 in favor of plaintiff shall be entered.

## ORDER

And now, August 18, 1988, defendant's motion for summary judgment is hereby denied. Plaintiff's motion for summary judgment is hereby granted. A judgment of $7,098.20 in favor of plaintiff shall be entered.