580 A.2d 35

**Margaret CONNOLLY, Appellant,**

v.

**METROPOLITAN INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued June 5, 1990.

Filed Sept. 18, 1990.

[Content redacted]

286

Peter McNamara, Philadelphia, for appellant.

Laurence I. Gross, Philadelphia, for appellee.

Before CAVANAUGH, TAMILIA and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a final order of the Court of Common Pleas of Philadelphia County which dismissed plaintiff/appellant's complaint and entered judgment in favor of defendant/appellee. For the reasons set forth below, we affirm.

The parties have stipulated to the relevant facts which were read into the record on July 12, 1989. Plaintiff/appellant, Margaret Connolly, was injured in a motor vehicle accident in December of 1984 while she was driving an automobile which was covered by a policy of insurance issued by defendant/appellee, Metropolitan Insurance Company ("Metropolitan"). The policy was issued in accordance with the Pennsylvania No-fault Motor Vehicle Insurance Act ("the No-fault Act"), 40 P.S. §§ 1009.101–1009.701 (repealed). The parties have stipulated that the instant case is governed by that statute.

Appellant's husband, Charles Connolly, had executed a certification on August 24, 1984 indicating that benefits under Blue Cross/Blue Shield coverage were available to him. This certification enabled Mr. Connolly to select "Option B" coverage for his two automobiles and thereby obtain a forty percent (40%) discount in the premiums payable to the insurer. Appellant and her husband were the only drivers listed on the application for insurance. At all times material to the cause of action underlying the instant appeal, appellant was married to Charles Connolly and resided with him. At the time of appellant's accident she was insured for medical coverage by an HMO plan and was not covered by her husband's Blue Cross/Blue Shield policy. However, appellant did not seek medical treatment

for her injuries in accordance with the terms of her HMO policy.

When appellant submitted her medical claims to Metropolitan, her attorney was promptly advised that the coordination of benefits clause in the insurance policy issued under the "Option B" coverage selected by appellant's husband required that medical claims should be submitted to the primary health insurance carrier. Because appellant did not utilize her HMO coverage in obtaining medical treatment, Metropolitan refused to pay the outstanding medical bills which total ten thousand seven hundred and eight dollars and twenty-seven cents ($10,708.27).

Appellant filed a complaint which was submitted to arbitration. With one member dissenting, the panel of arbitrators found in favor of Metropolitan on June 29, 1987. Appellant then took an appeal to the Court of Common Pleas of Philadelphia County which also found in favor of Metropolitan. On October 27, 1989, the lower court dismissed appellant's complaint by an order docketed on November 8, 1989. Appellant timely filed the instant appeal which raises two questions:

I. Did the lower Court commit an error of law by disregarding the clear and unambiguous wording of the No–Fault Act and Pennsylvania Code in determining that Plaintiff Margaret Connolly was required to coordinate her private health insurance with the coverage provided by the Defendant?

II. Did the lower Court commit an error of law by requiring a non-party to a contract [to] be bound [by] its terms?

We shall address these issues in sequence.

The gravamen of appellant's first complaint is that she should not be considered an "insured" for purposes of the policy of insurance issued by Metropolitan because her name does not appear in the policy. Appellant argues that, as she is not a "named insured," the coordination of benefits clause in the insurance policy does not apply to her. Thus, appellant would have us conclude that she was under

no obligation to seek treatment from her private medical insurance carrier. We find, however, that such a determination would contravene the plain and unambiguous language of the No-fault Act.

 We agree with appellant that when the words of a statute are clear and free from all ambiguity, the courts may not disturb the plain meaning of the statutory language. *Pavelic v. Nationwide Insurance*, 352 Pa.Super. 11, 14–15, 506 A.2d 1310, 1312 (1986), *citing Philadelphia Housing Authority v. Commonwealth of Pennsylvania Labor Relations Board*, 508 Pa. 576, 581, 499 A.2d 294, 297 (1985); 1 Pa.C.S.A. § 1921(b). Every statute must be construed to give effect to all its provisions whenever this is possible. § 1921(a), *supra*. With these principles in mind, we conclude that the No-fault Act makes no distinction between an "insured" and a "named insured" that would compel the result sought by appellant in the instant case.

The No-fault Act defines "insured" as follows:

"Insured" means:

(A) an individual identified by name as an insured in a contract of basic loss insurance complying with this act; and

(b) a spouse or other relative of a named insured, a minor in the custody of a named insured, and a minor in the custody of a relative of a named insured if—

(i) not identified by name as an insured in any other contract of basic restoration insurance complying with this act; and

(ii) in residence in the same household with a named insured.

An individual is in residence in the same household if he usually makes his home in the same family unit, even though he temporarily lives elsewhere.

40 P.S. § 1009.103 (repealed). The parties have stipulated that at all times relevant to the instant appeal, appellant was the spouse of the policy's "named insured," Charles Connolly, and resided with him in the same household.

There is no stipulation, or any evidence in the certified record, suggesting that appellant was identified by name as an insured in any other contract of basic restoration insurance complying with the No-fault Act. Thus, the record supports the the lower court's conclusion that appellant is an "insured" within the meaning of the No-fault Act.

Section 203 of the No-fault Act provides as follows:

(b) The owner or operator of a motor vehicle may elect to provide for security in whole or in part for the payment of basic loss benefits through a program, group, contract or other arrangement that would pay to or on behalf of the victim or members of his family residing with him or the survivor of a deceased victim,[1] allowable expense, loss of income, work loss, replacement services loss and survivors loss. In all such instances, each contract of insurance issued by an insurer shall be construed to contain a provision that all basic loss benefits provided therein shall be in excess of any valid and collectible benefits otherwise provided through such program, group, contract or other arrangement as designated at the election of the owner or operator which shall be primary.

(c) An insurer providing basic loss benefits and tort liability in accordance with the provisions of subsection (b) above shall reduce the cost of such contract of insurance to reflect the anticipated reduction in basic loss benefits payable by the insurer by reason of the election of the owner or operator to provide substitute security.

40 P.S. § 1009.203(b), (c) (repealed). Charles Connolly, the owner of the vehicle driven by appellant at the time of her accident, elected to take advantage of this statutory provision and make his automobile liability insurance coverage with Metropolitan secondary to other medical coverage for

---

1. The phrase "victim or members of his family" in this clause has been construed to mean "named insured or members of his family." *See Solis v. Prudential Property and Casualty Insurance Co.,* 344 Pa.Super. 284, 287, 496 A.2d 797, 798 (1985) ("The plain meaning of the language in the statute forces the conclusion that "victim" signifies the named insured.")

payment of benefits. In return, Metropolitan provided the required premium reduction. Appellant now argues that she is not bound by this election because she is not a "named insured" under the terms of the policy issued to her husband.

In *Solis v. Prudential Property and Casualty Insurance Co.*, 344 Pa.Super. 284, 496 A.2d 797 (1985), a panel of this court considered an argument similar to that advanced by appellant. The injured claimant in *Solis* argued that she was not obligated to utilize her private health insurance plan to provide primary coverage because she was not a "named insured" under the relevant no-fault automobile insurance policy. The *Solis* court held that the automobile owner, in making the § 203(b) election under the No–fault Act, had no authority to bind an unrelated third party. *Id.*, 344 Pa.Superior Ct. at 287, 496 A.2d at 798. However, the appellant in the instant case is *not* an "unrelated third party." For the reasons previously discussed, she is an *"insured"* within the meaning of the No-fault Act. More to the point, appellant is the named insured's spouse and is a member of the named insured's immediate family residing with him.

As interpreted by *Solis, supra,* the plain language of § 203(b), *supra,* authorized appellant's husband to elect insurance coverage options binding on members of his family resident in his household. The fact that appellant herself was not named in the policy of insurance issued to her husband is a quibble over a distinction without a difference. She is bound by the limitations imposed under Pennsylvania law requiring her to coordinate benefits. Because of the directive in § 203(c), *supra,* appellant benefitted from reduced premiums payable on the insurance policy under which she was an "insured." She must also accept the corresponding duties imposed by § 203(b), *supra.*

A contract of insurance which reduces premiums for an insured who is primarily covered by basic economic loss benefits available under another policy clearly contemplates that the insured has a duty to take advantage of available benefits from the collateral source before turning

to the excess carrier. *Carr v. Erie Insurance Co.*, 342 Pa.Super. 429, 435, 493 A.2d 97, 100 (1985). At the time of her accident, appellant's primary medical insurance was provided by an HMO policy. Because Metropolitan was an excess carrier and not the primary carrier under the policy covering appellant, she was required to seek basic economic loss benefits from her HMO policy before applying to Metropolitan. *Id.*

■ An insured seeking basic economic loss benefits from an excess insurer under a no-fault policy cannot render otherwise collectible benefits from the primary insurer uncollectible by failing to comply with required procedures. *Id.*, 342 Pa.Superior Ct. at 433, 493 A.2d at 99. Appellant chose to seek treatment from non-HMO physicians and did not comply with the requirements imposed by her HMO plan. She may not now complain because her excess carrier has denied payment of a basic loss which should have been collected from the primary insurer.

Appellant also argues that the lower court committed an error of law and an abuse of discretion by requiring a non-party to the insurance contract to utilize a health plan outside the parameters of the contract in question. An appellate court can only consider the record certified on appeal when reviewing a case. *Barner v. Barner*, 364 Pa.Super. 1, 9, 527 A.2d 122, 126 (1987). The certified record in the instant case does not contain a copy of the pertinent insurance contract. In the instant case, however, we are not precluded from resolving this issue by counsel's failure to provide a copy of the contract. As discussed previously, appellant's husband was empowered by § 203(b) of the No-fault Act to elect coverage terms binding on his spouse and members of his family resident with him. Because appellant falls within this category, the lower court committed neither an abuse of discretion nor an error of law in holding that appellant was bound by the contractual option chosen by her husband.

Order affirmed.