439 A.2d 1247

**Louise E. BRACKEN, Appellant,**

v.

**James E. BRACKEN, Jr. and Davy Bracken, Inc.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1981.

Filed Jan. 14, 1982.

John W. Pollins, III, Greensburg, for appellant.

Bernard F. Scherer, Latrobe, for appellees.

Before BECK, JOHNSON and POPOVICH, JJ.

PER CURIAM:

This is an appeal from the Order of the lower court en banc which, pursuant to Appellees' Preliminary Objections, dismissed five of the six counts of Appellant's Complaint in Equity against her estranged husband and the corporation in which both have an interest. Specifically, the Order (1) dismissed the counts for a mandatory injunction, stockholders derivative action and division of marital property, (2) dismissed with leave to amend the count requesting a constructive trust, (3) dismissed with leave to file a separate proceeding in law an assumpsit count, and (4) dismissed the preliminary objections to the count requesting partition of marital property.

■ Although not raised by either party, we will raise the question of appealability of the lower court's Order *sua sponte*, as neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Tunstall v. Penn Federal Savings and Loan Association*, 287 Pa.Super.Ct. 511, 430 A.2d 1007 (1981); *Mitchell v. Center City Cadillac*, 287 Pa.Super.Ct. 350, 430 A.2d 321 (1981).

■ This court has jurisdiction over "all appeals from *final* orders of the courts of common pleas." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (effective June 27, 1978) (emphasis added). "In determining what constitutes a final order we . . . look to 'a practical rather than technical construction' of an order." *Tunstall v. Penn Federal Savings and Loan Association, id.*, 287 Pa.Super. at 514, 430 A.2d at 1009, *quoting Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (citation omitted). A final order is an order which either ends the litigation or disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 319 A.2d 677 (1974); *Tunstall v. Penn Federal Savings and Loan Association, supra; Mitchell v. Center City Cadillac, supra.*

■ An order dismissing some but not all counts of a multi-count complaint is interlocutory, as appellant has not been put "out of court." *Evans v. Government Employees Insurance Company*, 291 Pa.Super.Ct. 342, 435 A.2d 1258 (1981); *Mitchell v. Center City Cadillac, supra; Bagshaw v. Vickers*, 286 Pa.Super.Ct. 246, 428 A.2d 664 (1981).

Also, in *Herman v. Harborcreek Township*, 458 Pa. 202, 321 A.2d 653 (1974) it was held that a decree sustaining in part and overruling in part preliminary objections to a complaint was neither a final decree terminating litigation nor an interlocutory decree on the question of jurisdiction and was therefore not appealable. We note additionally that the lower court did not certify the appeal to this court, nor is this appeal authorized by statute. *See* 42 Pa.C.S.A. § 702.

In the instant case, the lower court dismissed five of the six counts in Appellant's Complaint with leave to amend *this* Complaint, as to one of those dismissed counts. Clearly, Appellant has not been put "out of court." Therefore, this appeal is interlocutory.

Accordingly, the appeal from the Order dated April 21, 1981 as amended May 13, 1981 is quashed.