448 A.2d 638

**SUBURBAN EAST TIRES, INC.,** Appellant

v.

**DUQUESNE LIGHT COMPANY.**

Superior Court of Pennsylvania.

Argued May 20, 1982.

Filed July 23, 1982.

John Richard Banke, Pittsburgh, for appellant.

William K. Herrington, Pittsburgh, for appellee.

Before HESTER, McEWEN and JOHNSON, JJ.

PER CURIAM:

This is an appeal from the Order of the lower court which, pursuant to Appellee's Preliminary Objections, dismissed Counts I and II of Appellant's three Count complaint. Appellant filed a complaint against Appellee on August 28, 1981 alleging in Count I, breach of contract; in Count II, fraud, deceit and misrepresentation; and in Count III, slander.

■ This court will raise the question of the appealability of the lower court's order *sua sponte*, even if not raised by either party, as neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Bracken v. Bracken*, 294 Pa.Super. 371, 439 A.2d 1247 (1982); *Tunstall v. Penn Federal Savings and Loan Association*, 287 Pa.Super. 511, 430 A.2d 1007 (1981).

■ This court has jurisdiction over "all appeals from *final* orders of the Courts of Common Pleas." Act of July 9,

1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 9742 (effective June 27, 1978) (emphasis added). "In determining what constitutes a final order we . . . look to 'a practical rather than technical construction' of an order." *Tunstall v. Penn Federal Savings and Loan Association, id.,* 287 Pa.Super. at 514, 430 A.2d at 1009, *quoting Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (citation omitted). A final order is an order which either ends the litigation or disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association,* 456 Pa. 402, 319 A.2d 677 (1974); *Mitchell v. Center City Cadillac,* 287 Pa.Super. 350, 430 A.2d 321 (1981). As stated in *Bracken v. Bracken, id.* 294 Pa.Super. at 373, 439 A.2d at 1248:

> An order dismissing some but not all counts of a multi-count complaint is interlocutory, as appellant has not been put "out of court." *Evans v. Government Employees Insurance Company,* 291 Pa.Super.Ct. 342, 435 A.2d 1258 (1981); *Mitchell v. Center City Cadillac* [287 Pa.Super. 350, 430 A.2d 321], *supra; Bagshaw v. Vickers,* 286 Pa.Super.Ct. 246, 428 A.2d 664 (1981).

> Also, in *Herman v. Harborcreek Township,* 458 Pa. 202, 321 A.2d 653 (1974) it was held that a decree sustaining in part and overruling in part preliminary objections to a complaint was neither a final decree terminating litigation nor an interlocutory decree on the question of jurisdiction and was therefore not appealable. We note additionally that the lower court did not certify the appeal to this court, nor is this appeal authorized by statute. *See* 42 Pa.C.S.A. § 702.

■ In the instant case, two of the three counts of Appellant's complaint were dismissed. Clearly, Appellant has not been put "out of court". Therefore, this appeal is interlocutory.

Accordingly, the appeal from the Order entered October 20, 1981 is quashed.