## Gilberti v. Allstate Insurance Company

*Fred Beecher Fromhold,* for plaintiff.

*James D. Hilly,* for defendant Allstate Insurance Company.

*Dean B. Stewart Jr.,* for defendant Keystone Insurance Company.

YOHN, *J.,* June 25, 1986—Gloria Gilberti, administratrix of the estate of Joseph L. Gilberti, deceased, instituted this action against defendant insurance companies to recover the balance of a tort judgment rendered against defendants' insureds. Defendant, Allstate Insurance Company, filed a motion for judgment on the pleadings and the court granted said motion as to one count of plaintiff's complaint which alleged a third-party beneficiary claim. Plaintiff appeals from that decision.

On March 31, 1964, Robert J. Compton, operating a motor vehicle owned by Anthony J. McNulty, collided with a vehicle operated by Evangeline Payne. As a result of this collision, Joseph L. Gilberti, a passenger in the Payne vehicle, was killed. Gloria Gilberti, administratrix of the estate of Joseph Gilberti, instituted an action against Compton, McNulty and Payne to recover wrongful death and survival damages.[1] McNulty was insured by Allstate Insurance Company while Compton was in-

---

1. Montgomery County Common Pleas Court, no 65-3586.

sured by Keystone Insurance Company. The insurance companies then undertook to defend their insureds pursuant to the provisions of their insurance policies. Each of the policies provided limitations of liability in the sum of $10,000 per person and $20,000 per accident. Payne, however, was uninsured.[2]

Unable to reach a settlement agreement, the case proceeded to trial. A jury verdict was returned against Compton and against Payne, in the sum of $71,500 on the wrongful death action only. On December 1, 1972, after dismissal of post-trial motions, judgment upon the verdict was entered in the sum of $76,132.33. Entry of judgment was affirmed by the Superior Court of Pennsylvania in December 1973. An appeal to the Supreme Court of Pennsylvania was dismissed in January 1975.

Thereafter, garnishment proceedings were instituted against Allstate and Keystone.[3] Pursuant to these proceedings, Allstate paid plaintiff $10,000 in partial satisfaction of the judgment, leaving a balance of $66,132.33 plus interest, Keystone has not paid any sum under its policy. The garnishment proceeding is still pending.

Plaintiff thereafter instituted the current action directly against the insurance companies to recover the unpaid balance, alleging bad faith on the part of the insurers. Count I alleges that defendants conspired to prevent plaintiff from obtaining a written assignment from the estate of Robert Compton, now deceased, and that such action constitutes malicious and willful interference with prospective contract. Count II alleges that plaintiff has third-party

2. Deposition of William H. Pugh IV, May 12, 1983, at 16.
3. Montgomery County Common Pleas Court, no. 65-3586.

beneficiary rights under the policies. Upon the motion for judgment on the pleadings of defendant, Allstate, this court granted that defendant's request to dismiss count II of plaintiff's complaint, but overruled the same request as to count I.[4] From this order, plaintiff now appeals.

The sole issue on appeal is whether or not plaintiff may directly sue defendant insurance companies as a third-party beneficiary to the insurance contract in order to recover the excess judgment rendered against defendants' insured.

Initially, we suggest that the order from which plaintiff now appeals is interlocutory and, therefore, the appeal should be quashed for that reason. It is well settled that an appeal will lie only from a final order unless otherwise permitted by statute. *Suburban East Tires Inc. v. Duquesne Light Company,* 302 Pa. Super. 284, 448 A.2d 638 (1982); *Epstein v. State Farm Insurance Company,* 308 Pa. Super. 33, 453 A.2d 1054 (1982); *Bagshaw v. Vickers,* 286 Pa. Super. 246, 428 A.2d 664 (1981); *Giannini v. Foy,* 279 Pa. Super. 553, 421 A.2d 338 (1980). A final order is usually one which ends the litigation or, alternatively, disposes of the entire case. Conversely, an order is interlocutory and not final unless it effectively puts the litigant "out of court." *Suburban East,* supra; *Epstein,* supra; *Bagshaw,* supra; *Giannini,* supra.

As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable. *Praisner v. Stocker,* 313 Pa. Super. 332, 459 A.2d 1255 (1983); citing *Gordon v. Gordon,* 293 Pa. Super. 491, 439 A.2d 683 (1980); *Stengena v. Madden,* 291 Pa. Super. 364,

---

4. *Gilberti v. Allstate Insurance Company and Keystone Insurance Company,* no. 79-21538, order, 3-27-86, Yohn, *J.*

435 A.2d 1269 (1981); *Mitchell v. Center City Cadillac,* 287 Pa. Super. 350, 430 A.2d 321 (1981); *Bagshaw,* supra; *Giannini,* supra.

"An examination of the cases so holding discloses that the basis upon which this general rule is founded is that in most instances when one count of a multi-count complaint has been dismissed, the plaintiff is not out of court and is not precluded from presenting the merits of his cause of action. In these cases the courts have adhered to a policy which seeks to avoid piece-meal litigation." *Praisner,* supra, at 1258.

The general rule, however, is not without exceptions. Where separate and distinct causes of action have been joined in a single complaint, an order dismissing one or more counts of such a complaint may be considered a final judgment because the effect of such a dismissal is to preclude plaintiff from pursuing the merits of one or more separate and distinct causes of action. *Praisner,* supra; *Cloverleaf Development Inc. v. Horizon Financial,* 347 Pa. Super. 75, 500 A.2d 163 (1985).

The case at bar does not fit within the exception to the general rule. Plaintiff does not set forth separate and distinct causes of action in counts I and II of the complaint. Rather, plaintiff sets forth two alternative theories of recovery for the same cause of action. Thus, it is suggested that the court's order dismissing count II is interlocutory and not appealable, for plaintiff can still proceed to a determination on the underlying cause of action. *Praisner,* supra; *Cloverleaf Development,* supra.

In any event, the court will proceed to address the issue raised by plaintiff's appeal.

In count II of the complaint, plaintiff sets forth the following allegation in paragraph 24:

"Plaintiff is a third-party beneficiary of the obligations of defendants arising from the said policies of insurance.

Before directly addressing plaintiff's claim, a short explanation as to available remedies may be beneficial. To collect the excess verdict rendered against an insured, an injured third person has several remedies available to proceed against the insurer. Plaintiff may institute garnishment proceedings, as it is well settled that garnishment is a viable remedy for a judgment creditor to collect its judgment from the judgment debtor's insurer. *Bianco v. Concepts "100" Inc.*, 291 Pa. Super. 458, 436 A.2d 206 (1981); *Helms v. Chandler*, 423 Pa. 77, 223 A.2d 30 (1976); *Ferguson v. Manufacturers' Casualty Insurance Company of Philadelphia*, 129 Pa. Super. 276, 195 A.2d 661 (1937); 9 Goodrich-Amram 2d §3111(b):3:4 (1977). The insurer's liability qua garnishee is based upon its breach of the insurance contract with the judgment debtor. *Bianco*, supra; *Ryan v. Furey*, 437 Pa. 96, 262 A.2d 305 (1969). The attachment execution operates as an equitable assignment to the judgment creditor of the judgment debtor's claim against the garnishee. *Bianco*, supra. Plaintiff in this case has instituted garnishment proceedings which are currently pending.[5]

A second remedy available to an injured third person is to obtain an assignment from the insured of his right of action under the policy. *Gray v. Nationwide Mutual Insurance Company*, 422 Pa. 500, 223 A.2d 8 (1966). This remedy allows the claimant to sue the insurer directly, as the claimant now stands in the shoes of the insured and possesses the same rights that the insured would have under the policy.

5. Montgomery County Common Pleas Court, no. 65-3586.

*Gray,* supra. In this instance, plaintiff was unsuccessful in her atempts to obtain a written assignment from the estate of Robert Compton which is the subject of litigation now pending.

A third remedy available is for a claimant to sue the insurance company directly as a third-party beneficiary to the contract between the insured and the insurer. This is the remedy chosen by plaintiff to proceed in the instant matter. However, this remedy is quite limited, and plaintiff has failed to establish that she meets the criteria necessary for third-party beneficiary status.

An injured creditor may be considered a third-party beneficiary entitled to maintain a cause of action against the insurer where the policy itself permits suit, or where a statute so provides. *Folmar v. Shaffer,* 232 Pa. Super. 22, 332 A.2d 821 (1974); *Philadelphia Forrest Hills Corp. v. Bituminous Casualty Corp.,* 208 Pa. Super. 461, 222 A.2d 493 (1966); *Ferguson,* supra. That is, the policy must contain a provision that allows an injured claimant to sue the insurer directly. The authorities are in agreement that in the absence of a statute or a policy provision on which such a right may be predicated, a person may not maintain a suit directly against the insurer to recover on a judgment rendered against the insured. *Folmar,* supra; *Philadelphia Forrest' Hills Corp.,* supra; *Ferguson,* supra; *Bolender v. Farm Bureau Mutual Insurance Company,* 474 F.2d 1360, 1362, n.3 (3rd Cir., 1973). See also, 12A Couch on Insurance 2d §45:785; 8 Appelman, Insurance Law and Practice §4832.

In this instance, plaintiff has failed to establish that she has third-party beneficiary rights under either a statute or the insurance policies. The only Pennsylvania statute authorizing a direct action by an injured third party against the insurer of an al-

leged tortfeasor, the act of May 24, 1933, P.L. 987 §I, 40 P.S. §117, authorizes such direct action only upon the bankruptcy or insolvency of the insured. There is neither proof nor allegation that these circumstances exist here.

Furthermore, plaintiff has failed to establish that she has rights under the policies. To make such a claim, plaintiff must be able to point to a specific provision in the policy that either enables her to sue the insurer directly or gives her third-party beneficiary status. However, plaintiff makes no reference to such a provision in either the Allstate policy or the Keystone policy; nor do the pleadings include a copy of either policy for the court to review. The court must therefore conclude that plaintiff does not have the capacity to sue the insurance companies directly, as he is unable to prove that she has third-party beneficiary status under the insurance policies.

It is fundamental that a judgment on the pleadings should not be entered where there are unknown or disputed issues of fact. *Del Quadro v. City of Philadelphia,* 293 Pa. Super. 173, 437 A.2d 1262 (1981); *North Star Coal Co. v. Waverly Oil Works Co.,* 447 Pa. 241, 288 A.2d 768 (1972). In conducting this inquiry, the court should confine its consideration to the pleadings and relevant documents. *Del Quadro,* supra; *SN Inc. v. Long,* 208 Pa. Super. 38, 220 A.2d 357 (1966). A review of these materials clearly establishes that no disputed facts exist as to plaintiff's status as a third-party beneficiary to the insurance policies. Therefore, count II of plaintiff's complaint was properly dismissed. Plaintiff still has her alternative remedies pending.

One final note warrants mentioning. The Honorable Louis D. Stefan earlier signed an order overruling defendant's preliminary objections, including defendant Allstate's demurrer to counts I and II of

plaintiff's complaint.[6] Contrary to plaintiff's assertions, however, Judge Stefan's order does not affect this court's decision in the current proceedings. A review of defendant's preliminary objections reveals that the defendant's demurrer to count II was founded only on a statute of limitations defense.[7] Such a defense was not raised in the instant matter; therefore, the issues raised in the two proceedings are separate and distinct.

Even if the same issues were raised, however, the court is not precluded from granting defendant's motion. A trial court may consider and grant a motion for judgment on the pleadings, even though such a motion was filed subsequent to a denial of a demurrer, if the record as it then stands warrants such action. *DiAndrea v. Reliance Savings and Loan Association,* 310 Pa. Super. 537, 456 A.2d 1066 (1983); *Berlin v. Drexel University.* 10 D.&C.3d 319 (1979). Such action was warranted in the instant matter, as the record makes clear that plaintiff does not have the capacity to sue as a third-party beneficiary. Therefore, the court was not precluded from granting the defendant's motion.

Based on the foregoing, the order granting defendant Allstate Insurance Company's motion for judgment on the pleadings as to count II of plaintiff's complaint should be affirmed.

6. *Gilberti v. Allstate Insurance Company and Keystone Insurance Company,* no. 79-21538, order, December 22, 1981, Stefan, *J.*

7 *Gilberti v. Allstate Insurance Company and Keystone Insurance Company,* no. 79-21538, preliminary objections, at count III.