515 A.2d 960

**Ruby A. JOHNSON**

v.

**John E. JOHNSON and Eva Lou Winters Johnson, Executrix.**

**Appeal of Eva Lou Winters JOHNSON, Executrix.**

Superior Court of Pennsylvania.

Argued April 9, 1986.

Filed Sept. 29, 1986.

James D. Jordan, Media, for appellant.

Leonard J. Tripodi, Media, for appellee.

Before CIRILLO, President Judge, and ROWLEY and WIEAND, JJ.

PER CURIAM:

In 1981 appellee, Ruby Johnson, obtained a judgment against John E. Johnson, her former husband, for non-payment of support. The judgment was not paid. On October 26, 1984, John's father died. His father's will, which was admitted to probate on November 5, 1984, contained a specific bequest to John of $6,000. On November 30, 1984, Ruby filed a praecipe for a writ of execution on the 1981 judgment in the amount of $9,558.11 against Eva Lou Winters, the executrix of John's father's estate. At the same time, Ruby filed interrogatories which were served on the executrix together with the writ on December 3, 1984. On December 10, 1984, John filed a renunciation and disclaimer of his interest under his father's will. On January 15, 1985, the executrix filed answers to the interrogatories in which she asserted that because of John's renunciation and disclaimer, he had no interest in the estate.

Ruby petitioned for a Rule to Show Cause Why the Answers to Interrogatories Should Not Be Stricken As Contrary to the Law. A "hearing" consisting exclusively of oral argument was held on May 13, 1985. On August 2, 1985, the court entered an order which recited that upon "the Petition and Briefs of the parties, there being no facts in dispute, it is ORDERED that the Answers to the Interrogatories are hereby stricken as legally inaccurate and judgment is entered against [the executrix] ... in the amount of $6,000.00 together with such interest and/or costs as allowed by statute...." The order was accompanied by an "Opinion and Judgment." On August 9, 1985,

the executrix filed a motion entitled "Motion for Post-trial Relief" in which the only issue raised was her claim that the trial court erred by failing to address the issue of the effective date of the disclaimer. By order dated September 20, 1985 and filed September 25, 1985, the trial court dismissed the exceptions. The court further directed that "Upon praecipe of the plaintiff, the Office of Judicial Support shall enter the prior Order as a final Order and Judgment." On October 3, 1985, judgment was entered, and on October 11, 1985, the executrix filed a notice of appeal from the Order entered on September 25, 1985 and the judgment entered on October 3, 1985.[1]

Because an appeal was not filed from the August 2, 1985 order and within 30 days thereof, we must quash this appeal.

The Rules of Civil Procedure for the Enforcement of Money Judgments do not provide for the filing of a Rule to Show Cause Why Interrogatories Should Not Be Stricken. The Rules provide that the procedure between the plaintiff and the garnishee "shall, as far as practicable, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer in a civil action. Pa.R.C.P. 3145(a). In her Rule to Show Cause, Ruby Johnson sought to have the court decide, based solely on the interrogatories and the answers thereto, that the executrix was holding assets of John Johnson. Construing the interrogatories filed by Ruby Johnson as a complaint and the answers to interrogatories filed by the executrix as answers, we conclude that Ruby Johnson's Rule to Show Cause was actually a Motion for Judgment on the Pleadings.

Pa.R.C.P. 3147 permits the trial court to enter judgment on the pleadings for the plaintiff and against the garnishee

---

1. Although in her appellate brief at 2, the executrix states that she is appealing "from the Final Order filed on or about the 2nd day of August, 1985," her notice of appeal states that the appeal is from both the Final Order entered on September 25, 1985 and the judgment entered on October 3, 1985.

for the property of the defendant in the garnishee's possession provided that the money judgment so entered does not exceed the amount of the judgment of the plaintiff against the defendant together with interest and costs. The August 2, 1985 order made in response to the argument on the Rule, which actually was a Motion for Judgment on the Pleadings, satisfied the requirements of Rule 3147 for a judgment on the pleadings. The court specifically stated in the order that "judgment is entered against the garnishee" and that it was entered in the amount of $6,000 plus interest and costs but "only to the extent that a sum would have become payable, but for the disclaimer, as determined by the Orphan's Court and not to exceed $6,000 [the amount of the legacy] and such interest and costs as allowed by law." Thus the requirements of Rule 3147 that judgment be entered, that it be for the property in the garnishee's possession, and that it be for no more than the amount of the judgment which the plaintiff has against the defendant, were all satisfied by the August 2, 1985 order. Therefore, we hold that the order of August 2, 1985 was a judgment on the pleadings pursuant to Pa.R.C.P. 3147.

A judgment on the pleadings is a final and appealable order, *Dudash v. Palmyra Borough Authority*, 335 Pa.Super. 1, 483 A.2d 924 (1984), and a judgment on the pleadings under Pa.R.C.P. 3147 is also a final, appealable order, 9 Goodrich Amram 2d § 3147:4, because it has the effect of terminating the litigation and putting the party against whom the judgment is entered permanently out of court. *See: Dash v. Wilap Corp.*, 343 Pa.Super. 584, 495 A.2d 950 (1985) (order terminating the litigation and putting party out of court is final order.) *See also: U.S. National Bank in Johnston v. Johnson*, 506 Pa. 622, 487 A.2d 809 (1985); *Rossi Estate*, 354 Pa.Super. 124, 511 A.2d 219 (1986) (orders granting preliminary objections in the nature of a demurrer are final and appealable.) In this case, when judgment was entered on August 2, 1985 against the executrix for $6,000, representing John Johnson's legacy in the possession of the executrix, the executrix was out of court and Ruby Johnson

could have executed on the judgment. Therefore, the order of August 2, 1985 was final and appealable. Any appeal therefrom had to be filed within 30 days. Pa.R.A.P. 903(a).

The appeal was not filed until October 11, 1985 after the trial court had ruled on the executrix's post-trial motions. There is no provision in the Rules of Civil Procedure for the Enforcement of Money Judgments for filing post-trial motions to the entry of judgment against the garnishee. Moreover, there was never any trial in this case; judgment was entered prior to trial. Therefore, it was improper for the executrix to file post-trial motions, and the filing of such motions did not extend the time in which an appeal could be filed. *See: Geek v. Smeck,* 275 Pa.Super. 259, 418 A.2d 711 (1980); *Provident National Bank v. Rooklin,* 250 Pa.Super. 194, 378 A.2d 893 (1977) (filing a petition for reconsideration or rehearing, even when it is the appropriate procedure, does not extend the time in which an appeal must be taken from summary judgment.) Because the instant appeal was not filed within 30 days of the August 2, 1985 order entering judgment on the pleadings, we are without jurisdiction to consider the appeal.

Appeal quashed.