601 A.2d 1268

John R. ORIE, Jr., Appellant,

v.

Nicholas Rade STONE, Jr., Executor of the Estate
of Nicholas Rade Stone, Defendant,

v.

PITTSBURGH NATIONAL BANK, Additional Garnishee.

Superior Court of Pennsylvania.

Argued June 19, 1991.

Decided Jan. 3, 1992.

John R. Orie, Jr., Pittsburgh, in pro per.

Richard J. Freyvogel, Jr., Pittsburgh, for appellee.

Before POPOVICH, JOHNSON and FORD ELLIOTT, JJ.

JOHNSON, Judge:

This is an appeal from the order entered on October 19, 1990, purporting to vacate the order entered on September 11, 1990, which directed the entry of judgment in favor of John R. Orie, Jr. and against additional garnishee, Pittsburgh National Bank, in the amount of $10,769.66 held in the account captioned "Estate of Nicholas Rade Stone, Deceased, Nicholas Rade Stone, Jr., Executor." We reverse.

This garnishment proceeding commenced when John R. Orie obtained a complaint for confession of judgment against Nicholas Rade Stone, Jr. in the amount of $17,920. Upon praecipe, the Prothonotary prepared a writ of execution against Nicholas Rade Stone, Jr., defendant, naming Allegheny Valley Bank as garnishee. On February 17, 1987, Orie directed the Prothonotary to re-issue the writ of execution against the Estate of Nicholas Rade Stone, naming Nicholas Rade Stone, Jr., the beneficiary and Executor of the Estate, as additional garnishee. At the time of issuance of the writ, Orie also filed and served interrogatories directed to Stone, Jr., Executor.

Stone, Jr., Executor, as garnishee, accepted service on February 20, 1987 but failed to respond to Orie's interrogatories as contemplated by Pa.R.C.P. 3145. On March 24, 1987, Orie notified Stone, Jr. of his intention to enter default judgment against him pursuant to Pa.R.C.P. 3146. On April 2, 1987, upon praecipe, the Prothonotary entered judgment, unliquidated in amount, in favor of Orie and against Stone, Jr., Executor, garnishee. Orie then notified Stone, Jr. pursuant to Rule 3146 that the court would assess the amount of the judgment at a hearing to be held on April 27, 1987. Stone, Jr. failed to appear at the hearing.

On April 27, 1987, judgment by default was taken against Stone, Jr., Executor, garnishee, in the amount of $17,920 for failure to answer interrogatories pursuant to Pa.R.C.P. 3146(a).

On June 23, 1987, Orie filed a praecipe to re-issue the writ of execution naming Pittsburgh National Bank [hereinafter "PNB"] as additional garnishee. At the time of the judgment, the Estate account maintained at PNB, contained only a nominal balance. No further action was taken until August, 1990, when PNB filed Supplemental Answers to Interrogatories, and New Matter in accord with Pa.R.C.P. 3145(b)(3), wherein PNB revealed that it had in its possession the sum of $10,769.66, following deduction for attorneys fee and service charge, held in the account captioned "Estate of Nicholas Rade Stone, Deceased, Nicholas Rade Stone, Jr., Executor."

At the suggestion of PNB, Orie presented a "Motion to Compel Payment" directed to PNB. On September 11, 1990, the Court issued an order directing the entry of judgment in favor of Orie and against additional garnishee, PNB, in the amount of $10,769.66, held in the Estate account. No appeal was ever taken from the trial court's September 11, 1990, order. Instead, on September 27, 1990, Stone, Jr. presented a motion to vacate the September 11, 1990, Order of the court alleging *inter alia* that he did not receive notice of presentation of the Motion to Compel Payment to Garnishee.

On October 19, 1990, thirty-eight days after judgment was entered, the Honorable Robert P. Horgos entered an Order in which he vacated the September 11, 1990 Order and directed the release of the funds from Orie's garnishment action. Upon a Motion for Reconsideration and/or Clarification presented by PNB, Judge Horgos entered an Order on November 1, 1990 in which it directed PNB to pay the funds at issue into a court supervised account until final resolution of the controversy. On appeal from the Order of October 19, 1990, Orie argues that the trial court erred in vacating its September 11, 1990 order. Because we find

that the trial court was without power to vacate its September 11, 1990 order, we are constrained to agree with Orie.

"Unlike a judgment entered by confession or by default, which remains within the control of the court indefinitely and may be opened or vacated at any time upon proper cause shown, a judgment entered in an adverse proceeding ordinarily cannot be disturbed after [it has become final]." *Simpson v. Allstate Ins. Co.*, 350 Pa.Super. 239, 243–244, 504 A.2d 335, 337 (1986) (citations omitted). A judgment entered in an adverse proceeding becomes final if no appeal therefrom is filed within thirty days. 42 Pa. C.S.A. § 5505. Thereafter, the judgment cannot normally be modified, rescinded or vacated. *Simpson, supra,* 350 Pa.Superior Ct. at 244, 504 A.2d at 337.

In this Court's decision in *Simpson,* we stated that:

Although the inability of a court to grant relief from a judgment entered in a contested action after the appeal period has expired is not absolute, *the discretionary power of the court over such judgments is very limited.* Generally, judgments regularly entered on adverse proceedings cannot be opened or vacated after they have become final, *unless there has been fraud or some other circumstance "so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court."*

*Simpson, supra,* 350 Pa.Superior Ct. at 245, 504 A.2d at 337. (citations omitted) (emphasis ours).

In the instant case, the judgment entered on September 11, 1990 in favor of Orie and against garnishee, PNB, was not entered by confession, nor was it entered by default upon praecipe. Instead, it was entered by the trial court, upon Orie's Motion to Compel Payment, after both Orie and PNB had a full opportunity to present their positions by way of interrogatories and answers thereto.

The Rules of Civil Procedure for the Enforcement of Money Judgments do not provide for the filing of a "Motion to Compel Payment." However, the Rules do provide that

the procedure between plaintiff and the garnishee "shall, as far as practicable, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer in a civil action." Pa.R.C.P. 3145(a); *see Johnson v. Johnson,* 357 Pa.Super. 248, 251, 515 A.2d 960, 961 (1986) *appeal denied* 515 Pa. 581, 527 A.2d 541. In his "Motion to Compel Payment," Orie sought to have the court decide, based upon the interrogatories and PNB's answers thereto, that PNB was holding assets of Stone, Jr., defendant. Construing the interrogatories filed by Orie as a complaint and the answers to interrogatories filed by PNB as answers, we conclude that Orie's Motion to Compel Payment was actually a Motion for Judgment on the Pleadings in accord with Pa.R.C.P. 3147. *Id.,* 357 Pa.Superior Ct. at 251, 515 A.2d at 961.

Rule 3147 permits the trial court to enter judgment in favor of the plaintiff and against the garnishee upon the pleadings provided that "no money judgment entered against the garnishee shall exceed the amount of the judgment of the plaintiff against the defendant together with interest and costs." In its September 11, 1990 Order the court specifically stated that "judgment is entered in favor of plaintiff, John R. Orie, Jr., and against garnishee, Pittsburgh National Bank, in the amount of $10,769.66 held in the account captioned 'Estate of Nicholas Rade Stone, Deceased, Nicholas Rade Stone, Jr., Executor.' " Thus, the requirements of Rule 3147, that judgment be entered, that it be for property in the garnishee's possession, and that it not be in an amount exceeding the amount of the judgment of plaintiff against defendant (here, $17,920) have been satisfied. We, therefore, hold that the judgment entered by the court on September 11, 1990 was a judgment against garnishee, PNB, on the pleadings in accord with Pa.R.C.P. 3147. *Johnson, supra,* 357 Pa.Superior Ct. at 252, 515 A.2d at 962.

A judgment on the pleadings under Pa.R.C.P. 3147 is a final and appealable order because it has the effect of terminating the litigation and putting the party against whom the judgment is entered permanently out of court.

*Id.*, 357 Pa.Superior Ct. at 252, 515 A.2d at 962. In the instant case, when judgment was entered against PNB on September 11, 1990, PNB was out of court and Orie could have executed on the judgment. Any appeal therefrom had to be filed within thirty days. Pa.R.A.P. 903(a).

■ Although Stone, Jr.'s petition to vacate the order was presented on September 27, 1990, well within the 30–day appeal period permitted by Pa.R.A.P. 903, no appeal was ever taken from the judgment. Consequently, at the end of the 30–day appeal period, the judgment became final. *Simpson, supra* 350 Pa.Super. at 245, 504 A.2d at 338. Our inquiry, thus, turns to whether there was a showing of fraud or other 'extraordinary cause,' that would have justified a subsequent intervention by the trial court. *See Simpson, supra*, 350 Pa.Superior Ct. at 245, 504 A.2d at 337.

Our review of the record in this case reveals no 'extraordinary cause' that would have justified intervention by the court. In his petition to vacate the September 11, 1990 order, Stone, Jr. alleged, for the first time, that the funds possessed by PNB in the Estate account did not belong to Stone, Jr., but rather they belonged to the Estate of Nicholas Rade Stone, Deceased. Further, Stone, Jr. complained that he did not receive notice of the Motion to Compel Payment directed to garnishee, PNB, and that without notice, Stone, Jr. was unable to appear and inform the court as to the true nature of the funds in PNB's possession.

We are unable to conclude that Stone, Jr.'s lack of notice of the "Motion to Compel Payment" in the garnishment action between Orie and PNB, constituted an 'extraordinary cause' justifying the intervention of the trial court, especially in light of Stone, Jr.'s failure, as Executor, to respond to Orie's interrogatories, and further in light of Stone, Jr.'s failure to act on his own behalf, as Executor, prior to his filing of a Motion to Vacate. The record reveals that Stone, Jr., Executor, was afforded notice at each step of the garnishment proceedings.

This court stated in *Luckenbaugh v. Shearer*, 362 Pa.Super. 9, 14, 523 A.2d 399, 401 (1987) *appeal denied* 518 Pa. 626, 541 A.2d 1138, that:

The extraordinary cause referred to in *Simpson* and other cases is generally an oversight or action on the part of the court or the judicial process *which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party.*

(Emphasis ours).

In *Luckenbaugh,* the trial court entered an order on March 20, 1985 dismissing the plaintiffs' case for failure to answer interrogatories. On April 1, 1985, Plaintiff filed a petition to strike the dismissal. Following the expiration of the thirty-day appeal period, no appeal having been taken, the judgment became final. However, on August 8, 1985, the trial court entered an order striking the dismissal and opening the judgment that it had previously entered. *Id.,* 362 Pa.Superior Ct. at 12, 523 A.2d at 400.

When the trial court entered its order and opinion, it referred to 'extraordinary cause' and stated that the same existed by finding that there was a possibility of a 'postal mishap' in that the answers to interrogatories were mailed by plaintiffs' counsel to defense counsel but were not delivered. *Id.,* 362 Pa.Superior Ct. at 14, 523 A.2d at 401. On appeal from the August 8, 1985 order, this court held that while the 'postal oversight' may have been a sufficient reason to act to open the judgment *within* thirty days from its entry, this type of failure does not rise to the level of 'extraordinary cause' contemplated by the cases which permit a trial court to act once the judgment has become final and the appeal time has expired. *Id.,* 362 Pa.Superior Ct. at 14, 523 A.2d at 401.

In that case, we held that plaintiffs were aware of the entry of judgment on March 20, 1985 well within the time prescribed for filing an appeal since on April 1, 1985 they filed their petition to strike the dismissal and open the judgment. Finding no 'extraordinary cause' which operated to deny plaintiffs knowledge of the entry of final judgment,

we vacated the order of the trial court opening the judgment and striking the order of dismissal and reinstated the order of March 20 dismissing the case. *Id.*, 362 Pa.Superior Ct. at 15, 523 A.2d at 402.

Similarly, in the instant case, we are unable to find 'extraordinary cause' which operated to deny Stone, Jr. knowledge of the entry of final judgment on September 11, 1990. *Id.*, 362 Pa.Superior Ct. at 14, 523 A.2d at 401. It is obvious that Stone, Jr. was aware of the entry of judgment on September 11, 1990, since on September 27, 1990, well within the appeal period, he presented the Petition to Vacate the September 11, 1990 order. Absent a showing of 'extraordinary cause,' the trial court lacked the authority to issue the October 19, 1990 order. Therefore, we must conclude that the trial court's attempt to vacate the September 11, 1990 order entering judgment against PNB in favor of Orie was a nullity. Since we find the order of October 19, 1990 to have been a nullity, we need not consider whether Stone, Jr. had standing to challenge the entry of the order of September 11, 1990. Moreover, we are unable to consider the appealability of the October 19, 1990 order since its entry beyond the authority of the trial court renders that purported order a nullity.

For the foregoing reasons, we reverse the order of October 19, 1990, and we reinstate the order of September 11, 1990 entering judgment in favor of Orie. Jurisdiction is relinquished.

FORD ELLIOTT, J., filed a dissenting opinion.

FORD ELLIOTT, Judge, dissenting:

I must respectfully dissent from the Opinion of the majority. As is the case with any appeal that comes before our court, the initial concern upon which we must focus our attention is whether our court has jurisdiction to hear the appeal. Because I find that the present appeal is interlocutory in nature, I am of the opinion that this court lacks

jurisdiction to hear this appeal, and that the appeal should therefore be quashed.[1]

It is well settled that an appeal will lie only from a final order unless otherwise permitted by statute. *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983). A final order is usually one which ends the litigation or, alternatively, disposes of the entire case. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978). In the case presently before us, the order appealed from neither ends the litigation nor disposes of the entire case. The order appealed from in this instance merely vacates a prior order which had directed Pittsburgh National Bank, as Garnishee, to pay over certain funds held in an account for the Estate of Nicholas Rade Stone, Deceased. The order did not resolve the controversy between the parties as to whether proceeds of the Estate could be used to satisfy Orie's judgment against Stone, Jr. Rather, the October 19, 1990 order merely vacated a prior order which had directed the Garnishee, PNB, to pay over funds in an estate account to satisfy Orie's judgment against the Executor, Stone, Jr. Furthermore, the October 19, 1990 order was followed by another order directing the estate funds to be deposited in a court supervised account pending final resolution of the matter. Clearly, by its own terms, the October 19, 1990 order was not a final, appealable order.

Since the order in question is not one which terminates the case and therefore is not a final, immediately appealable order, the order must therefore be interlocutory in nature. As a general rule, interlocutory orders are subject to appellate review only under certain limited circumstances. Pursuant to Rule 1311 of the Pennsylvania Rules of Appellate Procedure, an appeal may be taken by permission from an interlocutory order of a trial court. Such a process requires the written permission of the appellate court in which

---

1. The issue of jurisdiction is properly raised by this court, *sua sponte. See Suburban East Tires v. Duquesne Light Co.*, 302 Pa.Super. 284, 448 A.2d 638 (1982).

review of the order is sought. No such permission was ever granted in this instance.

The second alternative by which an interlocutory order is subject to appellate review is provided under Rule 311 of the Pennsylvania Rules of Appellate Procedure. Pursuant to Rule 311, certain interlocutory orders may be appealed as of right. A review of Rule 311 reveals that the present order does not fall within any of the categories of interlocutory appeals as of right set forth in the rule.[2] The fact that the present appeal does not fall within the purview of Rule 311 is the feature distinguishing this case from a case relied upon by the majority, *Luckenbaugh v. Shearer*, 362 Pa.Super. 9, 523 A.2d 399 (1987).

*Luckenbaugh* and the present case are procedurally similar in that in both instances the trial courts entered orders which were followed by either motions or petitions of the party against whom the order was entered. In the present case it was a motion to vacate the order, and in *Luckenbaugh* it was a petition to strike the dismissal. In each instance the motion or petition was filed within 30 days of the preceding order. However, in each instance the trial court failed to rule on the respective motion or petition within the applicable 30–day period, and by operation of the Pennsylvania Rules of Civil Procedure, the orders became final. Again, in each case following the expiration of the 30–day period, but prior to any appellate action being com-

2. In his Statement of Jurisdiction, appellant cites Rule 311(a)(2) as providing the basis upon which this court may exercise jurisdiction over this appeal. That section allows for an appeal as of right from an interlocutory order "confirming, modifying or dissolving ... an attachment ..." The October 19, 1990 order is not such an order. The October 19, 1990 order arguably did dissolve appellant's attachment of the funds. However, as noted in the body of this text, that order was followed by a second order which provided that the garnishee was *not* to release the funds from the account of the Estate of Nicholas Rade Stone but rather was to pay the funds into a court-supervised account pending final resolution of the matter. Thus, for all intents and purposes, the order on appeal is not one which dissolved an attachment. The attachment still exists. It was the order compelling payment which was vacated pending final resolution of controversy. Thus, the October 19, 1990 order is not the type contemplated by Rule 311(a)(2).

492

menced, the trial courts ruled upon the pending motions or petitions which had been filed within the 30–day period. It was from those rulings which the appeals were filed. The ruling in *Luckenbaugh* struck the dismissal and opened the judgment. The ruling in our case vacates a prior order directing garnishee to pay over funds in an estate account to satisfy a judgment against the executor of the estate. In both instances, the orders appealed from were interlocutory in nature. However, the fact that this court allowed the appeal in *Luckenbaugh* cannot be used as support for allowing the present appeal. The *Luckenbaugh* court expressly noted that the appeal was an interlocutory appeal as of right permissible under Rule 311(a) of the Pennsylvania Rules of Appellate Procedure:

> Initially, it should be noted that Pennsylvania Rule of Appellate Procedure 311(a) establishes the right of the defendant to appeal from the order entered. Rule 311(a) provides that 'an appeal may be taken as of right from: (1) [a]n order opening, vacating or striking off a judgment....' The trial court's order, which *purported* to 'open' and 'strike' its judgment was appealable.

*Luckenbaugh,* 362 Pa.Superior Ct. at 12, 523 A.2d at 401 (emphasis in original; citations omitted).

However, since *Luckenbaugh* was decided in 1987, Rule 311 has been amended. Presently, Rule 311(a)(1) only permits interlocutory appeals as of right from "order[s] *refusing* to open, vacate, or strike off a judgment. Therefore, the order appealed from in *Luckenbaugh* could not be appealed from as an interlocutory appeal as of right under the present Rule 311. Any reliance on *Luckenbaugh* by the majority is therefore misplaced, as under the current state of Rule 311(a) the October 19, 1990 order in question was not appealable.[3]

---

**3.** Furthermore, it is my belief that the majority's reliance upon *Luckenbaugh* may be inappropriate for another reason. The *Luckenbaugh* court relied, in part, upon Rule 1701 of the Pennsylvania Rules of Appellate Procedure to support its conclusion that the trial court acted without authority when it entered an order on the petition to strike more than 30 days after order dismissing the case was entered.

Clearly, the present interlocutory order is not the type from which an appeal as of right is mandated. Therefore, because the order in question is not a final order, and because it is not the type of interlocutory order which may be appealed as of right, nor was permission granted to appeal this order, I find that this court is without jurisdiction to consider this matter.

The majority's analysis of the September 11, 1990 order being a final and appealable order may well be correct. (*See* majority opinion, at p. 486–487.) But it is not the September 11, 1990 order which is being appealed to this court. No appeal was ever taken from that order. Rather,

> A judgment entered in a contested proceeding which ends the litigation must either be appealed within thirty days or the trial court must expressly grant reconsideration within thirty days from the entry of the judgment. Pa.R.A.P. 1701, 42 Pa.C.S.A.
> Here, the trial court's action was well beyond the thirty-day time period in which it had to grant reconsideration.
>
> *Luckenbaugh,* 362 Pa.Superior Ct. at 13, 523 A.2d at 401.
>
> The thirty-day period in 1701 merely defines the appeal period from the entry of a final order. If no appeal is filed within the thirty-day period, 1701 has no application in limiting the power of the trial court to act on a party's motion. In the present case, no appeal was taken from the September 11, 1990 order of the trial court. Thus, Rule 1701 has no application to the subsequent action by the trial court of entering an order on October 19, 1990, vacating the September 11, 1990 order.
>
> The only applicable statutory section is 42 Pa.C.S.A. § 5505, which defines the period of time (also thirty days) in which the trial court may act to modify or rescind an order upon notice to the parties.
>
> However, to the extent that the majority relies upon section 5505, I offer the following comments. First, I believe an argument can be made that this section only precludes action by the trial court *sua sponte* and does not prohibit the trial court from acting on a party's motion. In the present case, appellant was aware of the challenge to the September 11, 1990 order, as evidenced by the Notice of Presentation and Certification of Service. Although it may have been a more prudent course for the trial court to have vacated the decree within thirty days, I cannot find conclusively that § 5505 wrests jurisdiction from the trial court to act on a party's *timely* motion where no appeal has been filed and all parties are on notice as to the challenge. Section 5505 was enacted to provide finality to orders thirty days after entry. However, in this case or any case where a *timely* motion challenging the order is pending before the court, an order can hardly be characterized as final for § 5505 purposes until the petition is acted upon by the court.

494

it is the October 19, 1990 order which is being appealed. Therefore, it is that order which must be examined to determine its finality for review purposes. As noted previously in this dissent, the October 19, 1990 order is not a final order, nor is it the type of interlocutory order which warrants an appeal as of right. Thus, I reiterate my conclusion that this court lacks jurisdiction to consider an appeal from the October 19, 1990 order of the trial court, and I would therefore quash the appeal.