J-A29032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TIMOTHY R. GRZANDZIEL AND ELIZABETH PELZER-GRZANDZIEL, INDIVIDUALLY AND AS HUSBAND AND WIFE, BRIAN JONES | : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| MAZOLA SLADE, BARRY SLADE | | No. 703 WDA 2019 |
| APPEAL OF: BRIAN W. JONES | | |

Appeal from the Order Entered April 11, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-15-015789,
GD-15-015789

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:  **FILED JANUARY 2, 2020**

Brian W. Jones (Jones) appeals *pro se* from the March 5 and April 11,

2019 orders of the Court of Common Pleas of Allegheny County (trial court)

(1) striking the default judgment and setting aside the non-jury verdict; and

(2) granting a motion for return of judgment funds.  We affirm.

**I.**

**A.**

We take the following pertinent facts and procedural background from

the trial court's June 28, 2019 opinion and our independent review of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

certified record. On September 10, 2015, Timothy R. Grzandziel and Elizabeth-Pelzer Grzandziel (the Grzandziels) filed a *praecipe* for writ of summons against Mazola Slade and Barry Slade (the Slades) and served it on their grandson, Shawn Crawford (Crawford), who temporarily was staying in their home (the Residence). The Slades had not given Crawford permission to accept service on their behalf. Furthermore, beginning on or about August 8, 2015, and during the relevant timeframe, Mrs. Slade suffered a series of debilitating strokes. As a result, she was hospitalized at UPMC Shadyside. Her memory, comprehension and general ability to manage personal affairs were impaired by the strokes. Mr. Slade, for his part, was not living in the home in September 2015, having not lived there since some time in 2013.

Nothing further occurred in the lawsuit for almost two years when another attorney filed a Praecipe for Substitution of Appearance on behalf of the Grzandziels. The Praecipe for Substitution of Appearance did not list the Slades on the certificate of service. On August 13, 2017, the Grzandziels filed a negligence complaint against the Slades but, again, did not contain a certificate of service. The Slades maintain they never were served with it. On September 14, 2017, the Grzandziels filed a *praecipe* for default judgment pursuant to Pa.R.C.P. 1037(b) representing that the Slades had been served with a ten-day notice and requesting that judgment be entered for their failure to file an answer to the complaint. Again, the 10-day notice did not have a certificate of service attached, as well as the certified mail receipt attached to

- 2 -

the notice was blank and the tracking number was illegible. The Slades assert that they did not receive the ten-day notice. An unliquidated default judgment was entered on September 10, 2017. The case was placed at issue on March 1, 2018, and scheduled for a damages trial on September 10, 2018.

On September 3, 2018, the Grzandziels assigned the default judgment to Jones, who operates a debt collection business. Jones entered his appearance as "plaintiff *pro se.*" On September 10, 2018, after a bench trial on damages, at which the Slades did not appear, the trial court entered a verdict of $366,183.79 in favor of the Grzandziels. On September 24, 2018, Jones entered judgment on the verdict without a certificate of service.

## B.

On January 16, 2019, Jones filed a *praecipe* to issue a writ of execution that was served on PNC and Citizens Bank on January 17, 2019. The same day, Jones submitted interrogatories seeking information to determine if either party held funds in Slades' account(s) that could be garnished. PNC Bank filed answers to the interrogatories stating that it held $1,700.46 in their account. On February 12, 2019, Jones filed a *praecipe* for entry of judgment by admission against PNC Bank for garnishment of that amount and PNC Bank issued a check to Jones for that amount.

On February 27, 2019, because of learning about Jones' collection action, the Slades filed a petition to strike/open default judgment and set aside the damages verdict and a motion to stay the execution proceedings. On

March 5, 2019, after argument, the trial court granted the petition staying the execution proceedings and struck the default judgment due to fatal defects on the face of the docket, *i.e.,* the lack of a certificate of service on either the complaint or ten-day notice. The court found that the defects on the face of the record brought into question whether the Slades had been properly served before the entry of default judgment. Because it struck the default judgment, the court vacated the damages verdict and immediately stayed all execution proceedings.

On April 3, 2019, Jones was substituted as the sole plaintiff in the underlying personal injury action but the court denied his motion to file an amended complaint.[1] On April 11, 2019, the court granted the Slades' motion for return of $1,700.46 that Jones had garnished from PNC Bank. Jones filed a notice of appeal of the court's March 5, 2019 and April 11, 2019 orders on April 23, 2019. Jones and the trial court complied with Rule 1925. ***See*** Pa.R.A.P. 1925.

_____

[1] Jones presented a second motion to amend the complaint before another trial judge who denied the motion based on the trial court's April 3, 2019 denial.

- 4 -

## II.

Before we turn to Jones's appellate claims, we must address the Slades' motion to quash contained in their brief[2] and consider whether we have jurisdiction to consider this appeal. (*See* The Slades' Brief, at 18-22). "The question of the appealability of an order goes directly to the jurisdiction of the [c]ourt asked to review the order." *Knopick v. Boyle*, 189 A.3d 432, 436 (Pa. Super. 2019) (citation omitted).

We have jurisdiction to review appeals taken (1) as of right from a final order, *see* Pa.R.A.P. 341, 42 Pa.C.S. § 742; (2) from interlocutory orders by permission, *see* Pa.R.A.P. 312, Pa.R.A.P. 1311, 42 Pa.C.S. § 702(b); (3) from certain interlocutory orders as of right, *see* Pa.R.A.P. 311; 42 Pa.C.S. § 702(a); and (4) from certain collateral orders, *see* Pa.R.A.P. 313. *See Digital Communications Warehouse, Inc. v. Allen Investments, LLC*, ___ A.3d ___, 2019 WL 6049932, at *3 (Pa. Super. filed Nov. 15, 2019).

Pursuant to Rule 341, a final order is one that "disposes of all claims and all parties." Pa.R.A.P. 341(b)(1). Unless allowed by permission, "no appeal will be permitted from an interlocutory order unless specifically provided for by statute. Otherwise, an appeal must be taken from a final

---

[2] The Slades filed a motion to quash on July 11, 2019, which we denied *per curiam* on August 19, 2019, without prejudice to the Slades raising the issue in their brief.

- 5 -

order." ***In re Estate of Borkowski***, 794 A.2d 388, 389 (Pa. Super. 2002) (citation omitted).

We note that it is undisputed that the March 5, 2019 order striking the default judgment was not a final, appealable order within the meaning of Pa.R.A.P. 341. "By its nature, an order striking a default judgment is not a final order that disposes of the matter. Instead, such an order annuls the original judgment and the parties are left as if no judgment had been entered." ***Digital Communications Warehouse, Inc.***, ***supra*** at *3 (internal quotation marks and citation omitted).[3]

_____

[3] For sake of completeness, we also observe that the April 11, 2019 and March 5, 2019 orders do not fall under any of the limited exceptions for the appeal of an interlocutory order.

Rule 311 provides for appeals as of right only from the following interlocutory orders, none of which are applicable here:

(1) An order refusing to open, vacate, or strike off a judgment. If orders opening, vacating, or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

(2) An order confirming, modifying, dissolving, or refusing to confirm, modify, or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property;

(3) An order changing venue or venire in a criminal proceeding;

(4) An order that grants, denies, or modifies an injunction, or refuses to do so;

(5) An order granting a peremptory judgment in mandamus;

## III.

With these principles in mind, we first turn to Jones's appeal of the April 11, 2019 order. Jones argues that we have jurisdiction to consider his appeal because the April 11, 2019 order directing the return of funds to PNC Bank was an appealable final order. He then goes on to argue that under the "merger rule," his appeal of the interlocutory March 5, 2019 order striking the default judgment must be considered. (***See*** Jones's Brief, at 2-3).

---

(6)   An order in a civil trial awarding a new trial; or in certain circumstances, a criminal proceeding awarding a new trial;

(7)   An order directing partition;

(8)   An order that is made final or appealable by statute of general rule, even though the order does not dispose of all claims and parties.

***See*** Pa.R.A.P. 311(a)(1)-(8).

Pursuant to Rule 312, a party may appeal an interlocutory order if this Court grants such permission upon his petition. See Pa.R.A.P. 312; Pa.R.A.P. 1311. Here, Jones did not file such a petition.

Finally, pursuant to Rule 313, a party may take an appeal as of right from a collateral order, which "is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." See Pa.R.A.P. 313(a). Here, the subject orders do not meet this definition. Since the court granted the petition to strike, the parties will now proceed to trial and, if judgment is entered in favor of the Grzandziels and Jones, he will have the right to execute on it.

Jones contends that the garnishment judgment is a final order as defined by Pennsylvania Rule of Civil Procedure 3146 that provides, in pertinent part, that: "[T]he prothonotary, on *praecipe* of the plaintiff, shall enter judgment against the garnishee for the property of the defendant admitted in the answer to interrogatories to be in the garnishee's possession, subject to any right therein claimed by the garnishee[.]" Pa.R.C.P. 3146(b)(1).

We have held that a garnishment judgment entered pursuant to Rule 3147[4] is a final, appealable order, though in the context of one that is entered by the trial court after adversarial proceedings. *See Orie v. Stone*, 601 A.2d 1268, 1271 (Pa. Super. 1992) ("Rule 3147 permits the trial court to enter judgment in favor of the plaintiff and against the garnishee upon the pleadings[;]" judgment on the pleadings is a final, appealable order). Ignoring that the judgment was entered by the prothonotary by *praecipe* pursuant to Rule 3146, we will nonetheless treat the garnishment judgment as a final order.

---

[4] Pennsylvania Rule of Civil Procedure 3147, Judgment Against Garnishee on Pleadings or After Trial, provides: "If the court enters judgment for the plaintiff and against the garnishee upon pleadings or after trial, the judgment shall be for the property of the defendant found to be in the garnishee's possession, but no money judgment entered against the garnishee shall exceed the amount of the judgment of the plaintiff against the defendant together with interest and costs." Pa.R.C.P. 3147.

That does not mean, though, that the March 5, 2019 interlocutory order striking the default judgement has to be considered under the "merger rule." That principle is referenced in the Official Note to Pennsylvania Rule of Appellate Procedure 341 stating "[a] party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order." Pa.R.A.P. 341, Official Note. However, that principle only applies when there are non-final orders that are subsumed in a final order that goes to the resolution of the merits of the case and upon which the outcome is in some way dependent.

Garnishment is defined in part as: " '. . . an incident to or an auxiliary of judgment rendered in principal action, and is resorted to as a means of obtaining satisfaction of judgment by reaching credits or property of judgment debtor.' Black's Law Dictionary, 612 (5th ed. 1979)." ***Johnson v. Beane*** 616 A.2d 648, 652 (Pa. Super. 1992), *aff'd*, 664 A.2d 96 (Pa. 1995). Pennsylvania Rule of Civil Procedure 3121 provides, in pertinent part:

> (d) A court may on application of any party in interest set aside the writ, service or levy:
>
>> (1) for a defect therein;
>>
>> (2) upon a showing of exemption or immunity of property from execution, or
>>
>> (3) upon any other legal or equitable ground therefor.
>
> (e) All objections by the defendant shall be raised at one time.

Pa.R.C.P. 3121(d), (e).

As a result, because a garnishment is an incidental or auxiliary judgment, whether the trial court properly opened the judgment in the underlying issue is not at issue in a challenge to or an appeal of an order directing the return of property previously garnished. All that can be challenged are matters that go to the reasons that the trial court set aside the garnishment under Pa.R.C.P 3121; *e.g.,* whether the funds are being held for the person(s) for which the satisfaction of the judgment is being sought, the judgment has been already satisfied or the *sua gua non*, whether there is a judgment on which to seek garnishment.

That means in this case that the only matter to be considered is whether there is a judgment that allows the creditor to execute against defendants' assets. For reasons stated previously in its March 5, 2019 order, the trial court struck the default judgment due to fatal defects regarding service that are apparent on the face of the record. It then directed Jones to return funds he realized as the result of a stricken default judgment, set aside the damages verdict, and stayed all execution proceedings.[5] Importantly, once that order was entered, that meant that judgment upon which the garnishment was

_____

[5] Jones also argues that the court abused its discretion in filing the April 11, 2019 order for return of funds because the judgment against PNC Bank had been marked satisfied. We are unsure what import that has to the return of property. In any event, Jones did not file the satisfaction until April 3, 2019, nearly one month after the court stayed all execution proceedings. Therefore, whether by mistake or intent, all execution proceedings, including marking the debt satisfied, should have ceased, and Jones should not have filed anything further in the garnishment/execution proceeding.

based was no longer extant.  Once it was no longer extant, garnishment, *i.e.,* execution against the Slades' assets was no longer permissible, and the trial court was justified in ordering to restore the status *quo* by ordering return of funds.  Otherwise, a party could hold property of the defendant which the garnishor had no present right to possess.  Accordingly, for those reasons, we affirm the order of the trial court.

Affirmed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/2/2020